DUANE MORRIS LLP
Karineh Khachatourian (CA SBN 202634)
kkhachatourian@duanemorris.com
Daniel T. McCloskey (CA SBN 191944)
dtmccloskey@duanemorris.com
2475 Hanover Street
Palo Alto, CA 94304-1194
Telephone: 650.847.4150
Facsimile: 650.847.4151

Attorneys for Defendant,
DYNATRACE LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SOFTWARE RESEARCH, INC.,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>DYNATRACE LLC,<br><br>　　　　　Defendant. | Case No.: 18-cv-00232-EMC<br><br>**DEFENDANT DYNATRACE LLC'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**<br><br>Date:　　May 24, 2018<br>Time:　　1:30 p.m.<br>Dept.:　　Courtroom 5, 17th Floor<br>Judge:　　Edward M. Chen |

# **TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ................................................................................................................2

II. STATEMENT OF THE ISSUES TO BE DECIDED........................................................2

III. STATEMENT OF FACTS ................................................................................................3

IV. ARGUMENT ......................................................................................................................4

    A. Legal Standard ................................................................................................ 4

    B. SRI's Complaint Fails to State a Claim for Direct Infringement............................ 5

        1. Requirements for Pleading Direct Infringement.......................................... 5

        2. SRI's Boilerplate Allegations Fail to Plausibly Allege Direct Infringement................................................................................................ 5

    C. The Complaint Fails to State a Claim for Inducing Infringement .......................... 6

        1. The Required Factual Elements for Pleading Inducing Infringement ........ 6

        2. SRI Fails to Adequately Plead Induced Infringement ................................ 7

    D. The Complaint Fails to State a Claim for Contributory Infringement.................... 8

        1. Requirements for Pleading Contributory Infringement ............................. 8

        2. SRI Fails to Adequately Plead Intent and Lack of Substantial Non-Infringing Uses........................................................................................... 9

    E. The Complaint Fails to State a Claim for Willful Infringement........................... 10

        1. The Requirements for Pleading Willful Infringement.............................. 10

        2. SRI does not State Facts to Show Notice or the Egregious Conduct Necessary for Willful Infringement ........................................................ 10

V. CONCLUSION..................................................................................................................11

# TABLE OF AUTHORITIES

**Cases**          **Page(s)**

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) .................................................................................. 4

*Atlas IP, LLC v. Exelon Corp.*, No. 15-cv-10746, 2016 WL 2866134 (N.D. Ill. May 17, 2016) ............................................................................................................................ 5

*Atlas IP LLC v. Pac. Gas & Elec. Co.*, 2016 WL 1719545 (N.D. Cal. Mar. 9, 2016) ...................... 5-6

*Bascom Research LLC v. Facebook, Inc.*, 2013 U.S. Dist. LEXIS 41429 (N.D. Cal. Mar. 12, 2013) ................................................................................................................ 7

*Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007) ............................................................ 4

*In re Bill of Lading*, 681 F.3d at 1339 .................................................................................. 7-8

*CAP Co., Ltd. v. McAfee, Inc.*, No. 14-cv-05068-JD, 2015 U.S. Dist. LEXIS 83522 (N.D. Cal. Jun. 26, 2015) ................................................................................................ 7

*Commil USA, LLC v. Cisco Sys., Inc.*, 135 S. Ct. 1920, 191 L. Ed. 2d 883 (2015) ........................... 6

*Conservation Force v. Salazar*, 646 F.3d 1240 (9th Cir. 2011) ................................................ 4

*DSU Med. Corp. v. JMS Co., LTD.*, 471 F.3d 1293 (Fed. Cir. 2006) ........................................... 6

*e.Digital Corp.*, No. 15-CV-05790-JST, 2016 WL 4427209 ................................................... 5, 7

*Eli Lilly & Co. v. Teva Parenteral Meds., Inc.*, 845 F.3d 1357 (Fed. Cir. 2017) ............................ 8

*Finjan, Inc. v. Cisco Systems, Inc.*, 2017 WL 2462423 (N.D. Cal. Jun. 7, 2017) ......................... 11

*Finjan, Inc. v. Juniper Networks, Inc.*, 2018 WL 905909 (N.D. Cal. Feb. 14, 2018) ..................... 11

*In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049 (9th Cir. 2008) ..................................................... 4

*Global-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 131 S.Ct. 2060, 179 L. Ed. 2d 1167 (2011) ..................................................................................................................... 6

*Grecia v. VUDU, Inc.*, No. C-14-1220-EMC, 2015 U.S. Dist. LEXIS 16256 (N.D. Cal. Feb. 9, 2015) .................................................................................................................... 7

*Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 136 S. Ct. 1923 (2016) .............................................. 10-11

*Laitram Corp. v. Rexnord, Inc.*, 939 F.2d 1533 (Fed. Cir. 1991) ............................................... 5

*Nanosys Inc. v. QD Vision, Inc.*, 2016 WL 4943006 (N.D. Cal. Sept. 16, 2016) ............................ 9

*Novitaz Inc. v. inMarket Media, LLC,* 2017 WL 2311407 (N.D. Cal. May 26, 2017) .................. 5-6

*Radware, Ltd. v. A10 Networks, Inc.*, 2013 U.S. Dist. LEXIS 136942 ............................................... 7

*WBIP, LLC v. Kohler Co.*, 829 F.3d 1317 (Fed. Cir. 2016) ............................................................. 10

*Windy City Innovations LLC v. Microsoft Corp.*, 193 F.Supp.3d 1109 (N.D. Cal. 2016) ...................................................................................................................................... 9

**Statutes**

35 U.S.C. § 271(a) ............................................................................................................................. 2

35 U.S.C. § 271(b) .......................................................................................................................... 2, 6

35 U.S.C. § 271(c) ....................................................................................................................... 2, 4, 8

35 U.S.C. § 284 ............................................................................................................................. 4, 10

**Other Authorities**

Federal Rule of Civil Procedure 12(b)(6) ........................................................................................ 1, 4

iii

DYNATRACE'S NOTICE OF MOTION AND MOTION TO DISMISS, AND MEMO OF PS AND AS, CASE NO.: 18-cv-00232-EMC

# NOTICE OF MOTION AND MOTION

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on May 24, 2018, at 1:30 p.m., or as soon thereafter as the matter may be heard, in Courtroom 5, 17th Floor, of the United States District Court for the Northern District of California, located at 450 Golden Gate Ave., San Francisco, California 94102, Defendant Dynatrace LLC ("Dynatrace") will and hereby does move the Court for an order dismissing the Complaint filed by Plaintiff Software Research, Inc. ("SRI").

This Motion is made pursuant to Federal Rule of Civil Procedure 12(b)(6), and on the grounds that SRI's boilerplate allegations are insufficient to state plausible claims for direct, indirect or willful infringement. Specifically, SRI fails to plead facts to plausibly show:

(a) how the accused products work or mapping them to the asserted claims, as required for direct infringement;

(b) that Dynatrace had pre-suit knowledge of the patent and that Dynatrace has the specific intent to infringe as required for induced infringement;

(c) that Dynatrace knew that the accused products were "especially made and adapted" to infringe the asserted patents and that the accused products have no substantial non-infringing uses, as required for contributory infringement; and

(d) that Dynatrace knew of the asserted patents and engaged in the egregious, willful, wanton and piratical conduct required for willful infringement.

Additionally, SRI does not plead facts showing that it is entitled to injunctive relief, given that it is a non-practicing entity. Accordingly, its claims for such relief should be dismissed.

Dynatrace's Motion is based on this Notice of Motion and Motion; the Memorandum of Points and Authorities; and [Proposed] Order, all filed concurrently herewith, along with all pleadings and papers filed herein, oral argument by counsel, and such other further matters that properly may be received by the Court.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

SRI's boilerplate infringement allegations should be dismissed. SRI merely parrots the statutory language requirements without pleading any facts to plausibly show that Dynatrace has directly, indirectly or willfully infringed any of the six patents asserted in this case.

First, SRI simply recites portions of asserted claims and does not describe how the accused products work or map them to the claims in any way. Courts in this district and elsewhere have made clear that such generic pleading is insufficient to state claims for direct infringement.

Second, SRI's indirect infringement claims fail as well, at least because SRI has not pleaded viable direct infringement claims. In addition, SRI's allegations are again mere statutory boilerplate, with no facts, and cannot provide a basis for showing that Dynatrace had pre-suit knowledge or the required intent for induced or contributory infringement. Similarly, SRI pleads no facts to show that there are no substantial non-infringing uses for the products.

Finally, SRI pleads no facts to show that Dynatrace's alleged infringement was so egregious, willful and wanton that it could ever satisfy the standard for willfulness described by the Supreme Court in *Halo*. In fact, SRI's willfulness allegations are limited to an assertion that the alleged infringement was willful, which does not come close to meeting the standard.

For these reasons, SRI's direct, indirect and willful infringement claims must be dismissed.

## II. STATEMENT OF THE ISSUES TO BE DECIDED

A. Whether SRI's allegations in the Complaint are sufficient to state a plausible claim for direct infringement under 35 U.S.C. § 271(a) where it fails to plead non-conclusory facts to show how the accused products work and does not map them to the asserted claims.

B. Whether SRI's allegations in the Complaint are sufficient to state a plausible claim for induced infringement under 35 U.S.C. § 271(b) where it fails to plead non-conclusory facts to show that Dynatrace had pre-suit knowledge of the patent or that Dynatrace has the specific intent to infringe.

C. Whether SRI's allegations in the Complaint are sufficient to state a plausible claim for contributory infringement under 35 U.S.C. § 271(c) where it fails to plead non-conclusory facts

to show that Dynatrace knew that the accused products were "especially made and adapted" to infringe the asserted patents and where it fails to plead facts showing that the accused products have no substantial non-infringing uses.

   D.   Whether SRI's allegations in the Complaint are sufficient to state a plausible claim for willful infringement where the Complaint fails to plead non-conclusory facts showing that Dynatrace knew of the asserted patents and engaged in egregious, willful, wanton and piratical conduct with respect to the asserted patents.

### III.   STATEMENT OF FACTS

SRI's Complaint asserts infringement of six patents.[1] The allegations relative to each patent are substantially identical recitations of the statutory elements for direct and indirect infringement, along with reference to parts of the limitations of one claim from each patent and an alleged Dynatrace product. SRI also includes generic assertions that the infringement has been willful.

The allegations for the '175 Patent are illustrative. SRI alleges that it owns and has rights to the patent, which is described as "an invention for testing websites," and has "commercially exploited" it by selling and marking software products with the patent. *See* D.I. 1, ¶¶ 13-18. SRI alleges that Dynatrace "has had knowledge of" SRI, its products and the patent, since December 27, 2010, but does not explain how. *See id.*, ¶¶ 17, 19. SRI later alleges that Dynatrace has been aware of the patent based on the filing of the Complaint. *See id.*, ¶ 26.

SRI alleges that Dynatrace[2] directly infringes claim 11 of the '175 Patent through its "web application monitoring and scripting tool software products" "that practice the method disclosed in the '175 Patent…" *Id.*, ¶ 20. SRI then repeats portions of some of the elements stated in claim 11, but does not state facts explaining how the accused product works or meets all of the required claim

---

[1] The patents are U.S. Patent No. 7,757,175 ("the '175 Patent"), U.S. Patent No. 8,327,271 ("the '271 Patent"), U.S. Patent No. 8,392,890 ("the '890 Patent"), U.S. Patent No. 8,495,585 ("the '585 Patent"), U.S. Patent No. 8,650,493 ("the '493 Patent"), and U.S. Patent No. 8,984,491 ("the '491 Patent") (collectively, the "Patents-In-Suit"). *See* D.I. 1 at ¶ 2.

[2] SRI regularly refers to "Defendants" even though there is only one defendant, Dynatrace, in this suit. *See* D.I. 1, ¶ 20. This is perhaps because SRI's Complaint is nearly identical to numerous other pleadings it has filed against a number of defendants through the years. *See e.g.*, *Software Research, Inc. v. Developer Express Inc.*, Case No. 3:16-cv-00465-EMC.

elements. *See id*.

SRI's indirect infringement allegations are limited to the following boilerplate recitation of the statutory requirements contributory and induced infringement:

> Defendants contribute to infringement of the same under 35 U.S.C. § 271(c) inasmuch as the Infringing Products offered for sale and sold by Defendants are each a component of a patented machine or an apparatus used in practicing a patented process, constituting a material part of SRI's invention, knowing the same to be especially made or especially adapted for use in infringement of the '175 Patent. *See* D.I. 1, ¶ 22.

> Defendants actively encourage their customers to use Defendants' Infringing Products in an infringing manner. For example, Defendants' website is replete with written directions, screenshots, and videos instructing users on how to use the Infringing Products in an infringing manner. Defendants' website also touts the identities of customers who use the Infringing Products, each of whom is a direct infringer inasmuch as they use the Infringing Products in the infringing manner as instructed by Defendants. *See* D.I. 1, ¶ 23.

> Upon information and belief, and particularly by way of the detailed documentation instructing users on how to use the Infringing Products in an infringing manner, Defendants have encouraged this infringement with knowledge of the '175 Patent and with a specific intent to cause their customers and distributors to infringe. *See* D.I. 1, ¶ 27.

SRI's willful infringement allegations are limited to the following statement: "Defendants' infringement has been and is willful and, pursuant to 35 U.S.C. § 284, SRI is entitled to treble damages." D.I. 1, ¶ 32.

### IV.    ARGUMENT

#### A.    Legal Standard

"A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted 'tests the legal sufficiency of a claim.'" *Conservation Force v. Salazar*, 646 F.3d 1240, 1241-42 (9th Cir. 2011) (quotation omitted). The Court accepts as true all well-pled factual allegations but does not "accept as true allegations that contradict matters properly subject to judicial notice" or "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (internal quotation marks and citations omitted). It is well-settled that a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

1  As explained below, SRI's direct, indirect, and willful infringement allegations do not state plausible claims for relief and should be dismissed.

### B. SRI's Complaint Fails to State a Claim for Direct Infringement

#### 1. *Requirements for Pleading Direct Infringement*

Courts in this district and elsewhere have made clear that direct infringement allegations must be plausible under *Iqbal*, and "contain factual allegations that the accused product practices every element of at least one exemplary claim." *Novitaz Inc. v. inMarket Media, LLC,* 2017 WL 2311407, *3 (N.D. Cal. May 26, 2017); *see also e.Digital Corp.*, No. 15-CV-05790-JST, 2016 WL 4427209, *5 (FAC failed to state a claim where plaintiff "ha[d] not attempted to map [a] limitation onto any allegations in the FAC" and "based on the Court's own independent review, it cannot discern how the FAC could be said to plausibly allege this limitation"); *Atlas IP LLC v. Pac. Gas & Elec. Co.*, 2016 WL 1719545, *2 (N.D. Cal. Mar. 9, 2016) ("[S]imply reciting some of the elements of a representative claim and then describing generally how an accused product operates, without specifically tying the operation to any asserted claim or addressing all of the claim requirements, is insufficient."); *Atlas IP, LLC v. Exelon Corp.*, No. 15-cv-10746, 2016 WL 2866134, *5 (N.D. Ill. May 17, 2016) ("[F]actual allegations that do not permit a court to infer that the accused product infringes each element of at least one claim are not suggestive of infringement—they are merely compatible with infringement."). These cases are based on the premise that "the failure to meet a single limitation is sufficient to negate infringement of [a] claim." *Laitram Corp. v. Rexnord, Inc.*, 939 F.2d 1533, 1535 (Fed. Cir. 1991).

#### 2. *SRI's Boilerplate Allegations Fail to Plausibly Allege Direct Infringement*

SRI makes no specific factual allegations about how the accused products function. Indeed, SRI only identifies a single accused product ("Dynatrace Performance Management") for each of the six asserted patents. See D.I. 1, ¶¶ 20, 42, 64, 86, 108, 130. Instead, SRI recites some claim elements and conclusory alleges that the Dynatrace product "practices the method in the" patent or "consists of" the claim elements. See D.I. 1, ¶¶ 20, 42, 64, 86, 108, 130. SRI does not provide any actual description of the product nor the required linkage to specific claim elements. Instead, SRI simply refers to an alleged product, with no attempt to connect any part of that description to the

claim elements.

SRI's approach does not satisfy Rule 12(b)(6): "simply reciting some of the elements of a representative claim and then describing generally how an accused product operates, without specifically tying the operation to any asserted claim or addressing all of the claim requirements, is insufficient" to withstand a motion to dismiss. *Atlas IP LLC v. Pac. Gas and Elec. Co.*, Case No. 15-cv-05469-EDL, 2016 WL 1719545, *2 (N.D. Cal. Mar. 9, 2016). Here, SRI's pleading is so bare bones that it does not even generally describe the functionality of the accused product let alone explain how it meets each claim element.

Further, SRI does not come close to mapping the accused products' functionalities onto the elements of the asserted claims, which is required to state a claim. *See id*. SRI does not provide any factual detail to make its direct infringement allegations plausible. Thus, SRI fails to state a claim for direct infringement of any of the asserted patents. *See Novitaz,* 2017 WL 2311407, *3 (dismissing claim for direct infringement where the complaint "makes no factual allegations about how" the accused products "operate, let alone map this information onto any elements of any of the claims," and did not address all claim elements).

### C. The Complaint Fails to State a Claim for Inducing Infringement

#### 1. *The Required Factual Elements for Pleading Inducing Infringement*

35 U.S.C. § 271(b) provides that "[w]hoever actively induces infringement of a patent shall be liable as an infringer." The Supreme Court has explained that induced infringement under section 271(b) requires knowledge of the existence of the patent that is infringed. *See Commil USA, LLC v. Cisco Sys., Inc.*, 135 S. Ct. 1920, 1926-28, 191 L. Ed. 2d 883 (2015) (liability under Section 271(b) "can only attach if the defendant knew of the patent and knew as well that 'the induced acts constitute patent infringement'") (quoting *Global-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 131 S.Ct. 2060, 2068, 179 L. Ed. 2d 1167 (2011)).

To plead a claim for inducing infringement, a plaintiff must plausibly allege facts sufficient to demonstrate (1) knowledge of the existence of the patent; (2) direct infringement by another; (3) specific intent to induce the infringement; and (4) culpable conduct directed to encouraging the infringement. *See* 35 U.S.C. § 271(b); *Global-Tech*, 131 S. Ct. at 2068; *DSU Med. Corp. v. JMS*

*Co., LTD.*, 471 F.3d 1293, 1305 (Fed. Cir. 2006).  A complaint must be dismissed if it does not contain facts plausibly showing that the accused party specifically intended their customers to infringe and *knew* that the customer's acts constituted infringement.  *See In re Bill of Lading*, 681 F.3d at 1339; *Grecia v. VUDU, Inc.*, No. C-14-1220-EMC, 2015 U.S. Dist. LEXIS 16256, *22 (N.D. Cal. Feb. 9, 2015) ("At the motion to dismiss stage, this means that a claim of inducement 'must contain facts plausibly showing that [the defendant] specifically intended [the direct infringer] to infringe [the patent-in-suit] and knew that the [direct infringer's] acts constituted infringement.'") (citations omitted); *CAP Co., Ltd. v. McAfee, Inc.*, No. 14-cv-05068-JD, 2015 U.S. Dist. LEXIS 83522, *8-17 (N.D. Cal. Jun. 26, 2015).  Thus, "'threadbare recitals of a cause of action's elements, supported by mere conclusory statements' are not enough to survive a motion to dismiss a claim of inducement." *Grecia*, 2015 U.S. Dist. LEXIS 16256, at *21-22 n.4 (citations omitted).

### 2. SRI Fails to Adequately Plead Induced Infringement

SRI's induced infringement claims fail for at least three reasons.

First, for the reasons discussed above, SRI fails to plead a plausible claim for direct infringement, which is required for any indirect infringement claim.  *See e.Digital*, 2016 WL 4427209, at *5 ("[B]ecause the Court has already concluded that e.Digital has failed to state a claim for direct infringement, e.Digital's claims for indirect infringement must fail as well.")

Second, even if SRI had sufficiently pleaded direct infringement, its allegations of induced infringement are still inadequate because SRI has not alleged facts plausibly showing that Dynatrace had pre-suit knowledge of any of the asserted patents.  *See Radware, Ltd. v. A10 Networks, Inc.*, 2013 U.S. Dist. LEXIS 136942, *2, 12 (dismissing all claims for indirect infringement based on activities occurring before knowledge of patent-in-suit); *Grecia*, 2015 U.S. Dist. LEXIS 16256, at *28 ("there can be no inducement prior to knowledge of the patent."); *CAP Co.*, 2015 U.S. Dist. LEXIS 83522, at *15 (holding that where only post-filing knowledge is alleged, claim for induced infringement is limited to post-filing conduct); *Bascom Research LLC v. Facebook, Inc.*, 2013 U.S. Dist. LEXIS 41429, *11-13 (N.D. Cal. Mar. 12, 2013).  Here, SRI simply asserts such knowledge, on information and belief, without providing a plausible factual

basis. *See e.g.*, D.I. 1, ¶ 19 ("On information and belief, Dynatrace had knowledge of the '175 Patent at least as early as December 27, 2010.")  This is insufficient, and is fatal to any claim for pre-filing inducement.  *See Grecia*, 2015 U.S. Dist. LEXIS 16256, at *26 (dismissing claim for pre-filing inducement based on failure to plead knowledge of the patent).

Third, SRI's boilerplate allegations require dismissal even if knowledge of the patents was established because SRI does not plead facts to show that Dynatrace specifically intended others to infringe.  *See Eli Lilly & Co. v. Teva Parenteral Meds., Inc.*, 845 F.3d 1357, 1368 (Fed. Cir. 2017) (citations omitted) ("mere knowledge of acts alleged to constitute infringement is not sufficient; rather the plaintiff must show "specific intent and action to induce infringement.")  Instead, SRI alleges generically only that Dynatrace has unspecified "detailed documentation instructing users on how to use the Infringing Products in an infringing manner," but does not identify the documentation, provide it, or explain what is in it.  *See e.g.,* D.I. 1, ¶ 22.

SRI's boilerplate allegation is clearly insufficient, as courts in this district have held.  For example, in *CAP,* the complaint at issue made reference to user manuals, guides, and support articles, "without ever saying what those materials contain, which is wholly inadequate for an inference of specific intent."  *Id.* at *16.  The Court dismissed the induced infringement claims.  *See id*.  The Court in *CAP* also held that the inducement claim failed because it did not plead facts showing that defendants knew that any acts they purportedly induced constituted patent infringement.  *See id.* at *16-17.  Here, SRI's inducement allegations are even more fact-free than the inducement claim found deficient in *CAP*.  Thus, SRI's inducement claims must be dismissed.

D.     The Complaint Fails to State a Claim for Contributory Infringement

1.     <u>*Requirements for Pleading Contributory Infringement*</u>

> Contributory infringement occurs if a party sells or offers to sell, a material or apparatus for use in practicing a patented process, and that 'material or apparatus' is material to practicing the invention, has no substantial non-infringing uses, and is known by the party 'to be especially made or especially adapted for use in an infringement of such patent.'

35 U.S.C. § 271(c); *In re Bill of Lading*, 681 F.3d at 1337.  Further, in order to plead a claim for contributory infringement, a plaintiff must "plead facts that allow an inference that the components sold or offered for sale have no substantial non-infringing uses." *In re Bill of Lading*, 681 F.3d at

8

1337 ("[A] substantial non-infringing use is any use that is not unusual, far-fetched, illusory, impractical, occasional, aberrant, or experimental.") (internal quotations and citations omitted). And "[w]here the product is equally capable of, and interchangeably capable of both infringing and substantial non-infringing uses, a claim for contributory infringement does not lie." *Id.*, at 1338.

### 2. *SRI Fails to Adequately Plead Intent and Lack of Substantial Non-Infringing Uses*

SRI's contributory infringement claims fail for several reasons.

First, as discussed above, SRI's deficient direct infringement allegations necessarily doom its claim for contributory infringement as well. *See* Section IV(C)(2) above.

Second, SRI's contributory infringement claims fail to the extent based on pre-filing conduct because SRI has not alleged facts plausibly showing pre-suit notice of the patents, as required. *See* Section IV(C)(2) above.

Third, even if SRI could overcome these deficiencies, its claims still fail because they are conclusory and limited to parroting the statutory elements for contributory infringement. *See e.g.*, D.I. 1, ¶ 22. SRI never states any facts showing Dynatrace knew that the accused products were "especially made or adapted to infringe," as required. Without facts showing specific intent to infringe, the claim must be dismissed. *See Nanosys Inc. v. QD Vision, Inc.*, 2016 WL 4943006, * 7 (N.D. Cal. Sept. 16, 2016).

Nor does the Complaint allege facts to show that there are no substantial non-infringing uses. It is well-settled that conclusory allegations of noninfringing uses do not pass muster. In *CAP,* the Court found that an allegation "that accused products 'have no use other than infringing one or more claims of the Patents–in–Suit'" was insufficient to state a claim for contributory infringement. *See* 2015 U.S. Dist. LEXIS 83522, *19 ("the only statement CAP offers on the required element about substantial noninfringing uses is nothing but a bare conclusion" and "[t]hat does not come close to an adequate factual allegation."). Other cases have found such bare conclusions insufficient. *See also Nanosys*, 2016 WL 4943006, at *7 (dismissing contributory infringement claim, noting that "plaintiffs do not allege that the Patent Infringing Component must be placed in this specific infringing configuration"); *Windy City Innovations LLC v. Microsoft*

*Corp.*, 193 F.Supp.3d 1109, 1116 (N.D. Cal. 2016) (dismissing contributory infringement claim because it was based on the "bare conclusion" that there were no substantial noninfringing uses for the accused products).

SRI does nothing but make boilerplate allegations of contributory infringement. These allegations cannot plausibly support a claim that Dynatrace knew that its products were "especially made or adapted to infringe," and that they lack substantial non-infringing uses. Thus, SRI's claim for contributory infringement must be dismissed.

### E.  The Complaint Fails to State a Claim for Willful Infringement

#### 1.  *The Requirements for Pleading Willful Infringement*

Recovery of enhanced damages for willful patent infringement is governed by 35 U.S.C. § 284 as interpreted by the United States Supreme Court in *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 136 S. Ct. 1923, 1935 (2016). In *Halo*, the Supreme Court held that the "sort of conduct warranting enhanced damages has been variously described in our cases as willful, wanton, malicious, bad-faith, deliberate, consciously wrongful, flagrant, or—indeed—characteristic of a pirate." *Id*. at 1932. Thus, under *Halo*, while "courts should continue to take into account the particular circumstances of each case," enhanced damages are generally limited to "egregious cases of misconduct beyond typical infringement," such as those "typified by willful misconduct." *Id*. at 1933-35. In addition, the Federal Circuit has confirmed that "[k]nowledge of the patent alleged to be willfully infringed continues to be a prerequisite to enhanced damages." *WBIP, LLC v. Kohler Co.*, 829 F.3d 1317, 1341 (Fed. Cir. 2016).

#### 2.  *SRI does not State Facts to Show Notice or the Egregious Conduct Necessary for Willful Infringement*

As discussed above, SRI does not plead any facts to plausibly show that Dynatrace had knowledge of any of the asserted patents before this suit was filed. Without knowledge of the patents, there can be no claim for willful infringement. *See WBIP*, 829 F.3d at 1341.

SRI also fails to plead any facts to show that Dynatrace acted in a "willful, wanton, malicious, bad-faith, deliberate, consciously wrongful" manner. SRI's willful infringement allegations are limited to the following statement: "Defendants' infringement has been and is

willful and, pursuant to 35 U.S.C. § 284, SRI is entitled to treble damages." *See e.g.*, D.I. 1, ¶ 32. This is not enough.

SRI supplies no actual facts to show any circumstances that would warrant an inference that Dynatrace acted with the level of willful, bad intent that the Supreme Court has explained typifies willful infringement. *See Halo*, 136 S.Ct. at 1935.

SRI's conclusory willfulness allegations are similar to the pleading the Court dismissed in *Finjan, Inc. v. Cisco Systems, Inc.*, 2017 WL 2462423, * (N.D. Cal. Jun. 7, 2017). In *Finjan*, the Court found that the Complaint "makes no specific factual allegations about Cisco's subjective intent, or any other aspects of Cisco's behavior that would suggest its behavior was 'egregious.'" *Id.*, at *5. The Court further noted that, "[i]nstead, Finjan has simply made conclusory allegations of knowledge and infringement, which, considered in the totality of circumstances here, is not enough to plausibly allege "egregious[ness].'" *Id.* (citing *Halo*). The Court concluded that, "because Finjan has failed to make sufficient factual allegations that it had pre-suit knowledge of the Asserted Patents or that Cisco's behavior was "egregious … beyond typical infringement," it has failed to state a claim for willful infringement." *Id*.

As in *Cisco*, here, the Complaint provides no facts to indicate anything other than, at best, typical infringement, and nothing to show the kind of egregious conduct that could justify enhanced damages. *See also, Finjan, Inc. v. Juniper Networks, Inc.*, 2018 WL 905909, *4 (N.D. Cal. Feb. 14, 2018) (dismissing willfulness claim because the plaintiff " fails to identify any *factual* allegation that Juniper exhibited egregious behavior on par with that described in *Halo*."). Accordingly, SRI's claim for willful infringement should be dismissed.[3]

## V.    CONCLUSION

For the forgoing reasons, Dynatrace respectfully requests that the Court grant this Motion to Dismiss and dismiss SRI's claims for direct, indirect and willful infringement.

---

[3] SRI's prayer for injunctive relief should also be dismissed and/or stricken, given its status as a non-practicing entity.

|  |  |
|---|---|
|  | DUANE MORRIS LLP |
| Dated: April 5, 2018 | By: */s/ Karineh Khachatourian* |
|  | Karineh Khachatourian |
|  | Daniel T. McCloskey |
|  | Attorneys for Defendant, DYNATRACE LLC |