DUANE MORRIS LLP
Karineh Khachatourian (CA SBN 202634)
karinehk@duanemorris.com
Daniel T. McCloskey (CA SBN 191944)
dtmccloskey@duanemorris.com
Nikolaus A. Woloszczuk (CA SBN 286633)
nawoloszczuk@duanemorris.com
2475 Hanover Street
Palo Alto, CA 94304-1194
Telephone: 650.847.4150
Facsimile: 650.847.4151

Attorneys for Defendant,
DYNATRACE LLC

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| SOFTWARE RESEARCH, INC.,<br><br>            Plaintiff,<br><br>    v.<br><br>DYNATRACE LLC,<br><br>            Defendant. | Case No. 18-cv-00232-EMC<br><br>**DEFENDANT DYNATRACE LLC'S OPPOSED MOTION FOR ADMINISTRATIVE RELIEF FOR AN EXTENSION OF TIME TO SERVE INVALIDITY CONTENTIONS** |

DM2\8762320

## DYNATRACE'S OPPOSED MOTION FOR ADMINISTRATIVE RELIEF

Pursuant to Civil L.R. 7(1)(a)(4) and Civil L.R. 7-11, Defendant Dynatrace LLC ("Dynatrace") submits this opposed motion for administrative relief for an extension of time to prepare and serve its invalidity contentions, 90 days from the date the pleadings in this case are settled and Dynatrace answers.

On April 16, 2018, Plaintiff Software Research, Inc., ("SRI") took the highly unusual action of serving its infringement contentions nearly two months before they were due, depriving Dyantrace and the Court from discussing an appropriate schedule at the initial Case Management Conference ("CMC").  Dynatrace shall suffer prejudice if it is forced to prepare its invalidity contentions early, when SRI's complaint is unsettled and mediation is around the corner.

Dynatrace's motion is based on the accompanying memorandum, the accompanying Declaration of Karineh Khachatourian, and the pleadings and papers on file herein.  Dynatrace sought, but could not obtain SRI's stipulation to this motion as described in further detail in the Declaration of Karineh Khachatourian.

## MEMORANDUM OF POINT AND AUTHORITIES

### I.    PROCEDURAL HISTORY

SRI is a serial patent asserter in the Northern District of California.  SRI has brought suit on some or all of the patents-in-suit eleven times in less than seven years. D.N. 5 at 1-3.[1]  By all appearances, patent litigation is now the full extent of SRI's business as SRI does not allege that it currently sells any product or service, including any that practices any claims of the alleged inventions. *See, e.g.*, D.N. 31 at 6, 10, 15, 19, 24, 28 (alleging that SRI "has" previously "commercially exploited" the patents-in-suit).  In the prior ten cases, SRI has never brought its infringement claims to trial before a jury or fact-finder.

In bringing suit against Dynatrace, SRI filed a bare-bones complaint that is deficient for several reasons, including because SRI failed to provide factual allegations about how the accused products operate, and did not map this information onto any elements of the asserted claims.

---

[1] Other SRI-filed patent cases in this District include *SRI v. Hewlett-Packard Co.*, No. 3:11-cv-01676; *SRI v. Microsoft, Corp.*, No. 4:11-cv-01711; *SRI v. Inflectra Corp.*, No. 3:15-cv-00204; and *SRI v. Ranorex, Inc.*, No. 3:15-cv-00206.

Dynatrace has moved to dismiss SRI's complaint. *See, e.g.*, D.N. 27 (Dynatrace's Motion to Dismiss ("MTD")). Tacitly acknowledging the complaint's deficiencies, SRI filed an amended complaint rather than an opposition to Dynatrace's MTD. But SRI's amendments are not curative and Dynatrace will also move for dismissal of SRI's amended complaint on or before Dynatrace's May 3, 2018 deadline to respond.

Similarly, SRI's infringement contentions evince a "cookie-cutter" approach to litigation as SRI identified "QA Wizard Pro" as a Dynatrace accused product. Khachatourian Decl. (hereinafter, "Decl."), Exh. B at 1-2. But Dynatrace has no such product. However, Seapine Software, Inc.—a prior target of SRI—does appear to have a product by that name that SRI accused of infringement. Exh. C at 4. It appears as though SRI hastily assembled its infringement contentions by cutting-and-pasting portions of contentions from prior cases. SRI's deficient and inaccurate pleadings and disclosures provide important context for SRI's early service of its infringement contentions and attempt to accelerate this Court's schedule.

## II.     ARGUMENT

### A.     Legal Standard

Civil L.R. 7-11 permits a party to file a motion for administrative relief in matters "not otherwise governed by a federal statute, Federal or local rule or standing order of the assigned judge." Civil L.R. 7-11. This Court may "modify the obligations or deadlines set forth in the[] Patent Local Rules based on the circumstances of any particular case ...." Patent L.R. 1-3. And a party may request such modifications prior to the initial Case Management Conference "upon a showing of good cause." *Id*.

### B.     SRI's Premature Service of Its Infringement Contentions Is Inconsistent With The Patent Local Rules

Pursuant to Patent L.R. 3-1, the party claiming patent infringement is not required to serve their infringement contentions until 14 days after the initial CMC. Patent holders rarely, if ever, serve infringement contentions before this deadline, and certainly not before the CMC.

While early service of infringement contentions is not explicitly prohibited by the Patent Local Rules, it is inconsistent with them. Patent Local Rule 2-1(b) requires the parties to meet and

confer prior to the CMC (pursuant to Fed. R. Civ. P. 26(f)) and to prepare and file a Case Management Statement ("CMS") addressing several topics.  One of the topics the parties must address in the CMS is any "[p]roposed modification of the obligations or deadline set forth in the[] Patent Local Rules to ensure that they are suitable for the circumstances of the particular case."  Patent L.R. 2-1(B)(1). Thus, early service of infringement contentions before filing of the CMS, and before the CMC, is inconsistent with the very order of steps contemplated by the Patent Local Rules.

### C.    SRI's Premature Service Disrupts The Schedule Set By This Court

Shortly after Dynatrace filed its MTD SRI's complaint, this Court rescheduled its CMC to coincide with the noticed date for the hearing on Dynatrace's motion. D.N. 28.  Just eleven days later, SRI deviated from the routine practice of patent litigants in this District and prematurely served its infringement contentions.  Under the Court's current schedule, SRI's Infringement Contentions were not due until June 7, 2018.  Now, under this Court's Patent Local Rules, Dynatrace would need to serve its invalidity contentions a mere seven days after this Court's currently scheduled CMC.  Patent L.R. 3-3.  Subsequent deadlines for other significant disclosures would also come sooner, including for claim construction and damages. Patent L.R. 3-8 and 3.9.  SRI's premature service deprives both Dynatrace and this Court of the ability to discuss an appropriate case schedule.

### D.    Dynatrace's Ability To Prepare Its Defense Is Prejudiced By SRI's Premature Service

SRI's early service of infringement contentions was also directly contrary to Dynatrace's explicit request.  In February 2018, while Dynatrace was preparing its response to SRI's complaint, a key member of Dynatrace's in-house legal team experienced an unexpected and horrible family tragedy.  Decl. ¶ 6.  The parties agreed that an extension of Dynatrace's time to respond was warranted and submitted a stipulation, which this Court granted. D.N. 19, D.N. 20.  At that time, SRI raised the idea of serving infringement contentions early.  Dynatrace specifically asked SRI to refrain from making any early disclosures before the CMC because it would prematurely trigger significant deadlines and Dynatrace expected its in-house counsel to miss a considerable amount of time from work.  Decl. ¶ 7.  SRI disregarded Dynatrace's request for this professional courtesy with its early service of infringement contentions and subsequent refusal to agree to an extension.  SRI was also

aware that Dynatrace was having difficulty obtaining financial and other information due to SRI's failure to identify an actual accused product and the absence of Dynatrace's in house counsel.  *Id*.

And SRI was also aware that this Court rescheduled the CMC to coincide with this Court's May 24, 2018 hearing on Dynatrace's MTD.  It is difficult to interpret SRI's premature service of infringement contentions as anything other than an attempt to exert litigation pressure.  Especially where SRI has not, and cannot, identify any legally cognizable prejudice it would suffer.[2]  And if SRI were simply interested in informing Dynatrace of its infringement theories early, it could have provided its infringement contentions without formal service, or it could have stipulated to Dynatrace's request for an extension.  SRI did neither and has impacted the possibility of early resolution by causing Dynatrace to shift resources to its invalidity contentions and away from preparing for the Court-ordered mediation, to be completed by June 28, 2018.  D.N. 24.

### E.    Dynatrace's Requested Extension Is Not For The Purpose Of Delay

In refusing Dynatrace's request, SRI argued that Dynatrace is engaging in "tactics," and "simply seeks to delay this case."  Decl. Exh. A (April 18, 2018 email from SRI's counsel, Ben Singer, to Dynatrace's counsel, Karineh Khachatourian).   These allegations have no merit.[3] Dynatrace's reasons for seeking an extension are straightforward and not for the purpose of delay.  First, Dynatrace's ability to prepare invalidity contentions has been hindered in the short-term due to the reduced availability of in-house counsel.  Second, SRI's early service had the effect of shaving nearly two months off of Dynatrace's time to prepare invalidity contentions.  Third, SRI's aggressive tactics have deprived both this Court and Dynatrace of the opportunity to discuss an appropriate schedule at the Case Management Conference.  And finally, Dynatrace should not have to expend the considerable resources and time to prepare invalidity contentions for 65 asserted claims from 6 different patents, and to prepare the related extensive document production regarding accused product

---

[2] SRI's basis for refusal is that "desires the swift adjudication of its claims…." (Decl. Exh. A (April 18, 2018 email from SRI's counsel, Ben Singer, to Dynatrace's counsel, Karineh Khachatourian)).  But a litigant's preference for expediency, on its own, is not a form of prejudice recognized by courts in this District *Ho Keung Tse v. Apple Inc.*, No. C 06-06573 SBA, 2007 WL 2904279, at *4 (N.D. Cal. Oct. 4, 2007) (citation omitted) ("Mere delay, without more though, does not demonstrate undue prejudice.")

[3] Dynatrace requested and received a first extension of its time to answer, a courtesy sought and extended routinely for complex cases such as this. Dynatrace's second extension was necessitated by the previously noted tragedy. D.N. 19, D.N. 20.

operation and sales, all while there has been, and will be future motion practice regarding SRI's pleadings that may result in dismissal of this case.  Patent L.R. 3-3, 3-4; Decl. Exh. B at 1.

This Court should grant Dynatrace's requested extension to ensure that party resources are not needlessly expended before resolution of Dynatrace's second Motion to Dismiss, and to ensure that Dynatrace is afforded a fair opportunity to prepare its invalidity contentions.  Dynatrace's request would not prejudice SRI, a company that does not practice its alleged invention, and whose ability to pursue monetary damages will not be affected.

## III.    CONCLUSION

For the foregoing reasons, Dynatrace respectfully requests that the Court grant its request for an extension of time to serve its invalidity contentions until 90 days after the pleadings in this case are settled and Dynatrace has answered.

DUANE MORRIS LLP


Dated: April 23, 2018                    By:    /s/ Karineh Khachatourian

Karineh Khachatourian
Daniel T. McCloskey
Nikolaus A. Woloszczuk

Attorneys for Defendant,
DYNATRACE LLC