SINGER BEA LLP
  Benjamin L. Singer (Bar. No. 264295)
  bsinger@singerbea.com
  Evan N. Budaj (Bar No. 271213)
  ebudaj@singerbea.com
601 Montgomery Street, Suite 1950
San Francisco, California  94111
Telephone:    (415) 500-6080
Facsimile:    (415) 500-6080

*Attorneys for Plaintiff Software Research, Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SOFTWARE RESEARCH, INC.,<br><br>             Plaintiff,<br><br>v.<br><br>DYNATRACE LLC, and DOES 1 through 10,<br><br>             Defendants. | CASE NO. 3:18-CV-232-EMC<br><br>**PLAINTIFF SOFTWARE RESEARCH, INC.'S OPPOSITION TO DEFENDANT DYNATRACE LLC'S OPPOSED MOTION FOR ADMINISTRATIVE RELIEF FOR AN EXTENSION OF TIME TO SERVE INVALIDITY CONTENTIONS**<br><br>**JURY TRIAL DEMANDED** |

Defendant Dynatrace LLC ("Dynatrace" or "Defendant") requests an extension of its deadline to serve invalidity contentions until 90 days after the pleadings have closed and it has answered the complaint. This effectively open-ended extension of Dynatrace's obligations under Patent L.R. 3-3 would undermine the very purpose of that Rule. Stripped of its irrelevant and misguided ad hominem attacks and mischaracterizations of Plaintiff Software Research, Inc. ("SRI"), Defendant's Motion[1] offers only Dynatrace's own strategic interest in delay as evidence of prejudice in support of its remarkable request. But that is not sufficient. Endorsing Defendant's tactic would create a blueprint by which every patent defendant could manipulate the orderly procession for patent cases set forth in the Patent Local Rules. The Court should deny the Motion.

## II. Background

This action was filed on January 10, 2018. D.I. 1 [Compl.]. On January, 19, 2018, the Court set the initial Case Management Conference for April 19, 2018. D.I. 13 [Case Management Scheduling Order]. Discovery in this matter opened on March 27, 2018, when the parties met and conferred pursuant to FRCP 26(f) and Patent L.R. 2-1(b). Declaration of Evan Budaj, filed herewith ("Budaj Decl.") ¶ 2.

On April 5, 2018—after requesting and receiving two extension of time to respond to the Complaint, without previously raising any concerns about the sufficiency of that pleading, and at a time it admits SRI had already offered to provide infringement contentions—Defendant moved to dismiss the Complaint. D.I. 27 [Mot. to Dismiss]. The next day, the Court reset the initial Case Management Conference to May, 24, 2018. D.I. 28 [Clerk's Notice]. SRI served its Patent L.R. 3-1 infringement contentions and Patent L.R. 3-2 document production (SRI's "Infringement Contentions") on April 14, 2018.[2] Budaj Decl. at Exh. 2. Defendant has not challenged the sufficiency of these disclosures.

---

[1] Defendant's Motion for Administrative Relief for an Extension of Time to Serve Invalidity Contentions [D.I. 33] (the "Motion").

[2] SRI also served its first set of requests for production, and its first set of interrogatories on Dynatrace that same day. Budaj Decl. at Exh. 2. Defendant has not requested an extension of time to respond to these requests, and they are not addressed in the Motion.

- 1 -

PLAINTIFF SOFTWARE RESEARCH, INC.'S OPPOSITION TO DEFENDANT DYNATRACE LLC'S OPPOSED MOTION FOR
ADMINISTRATIVE RELIEF FOR AN EXTENSION OF TIME TO SERVE INVALIDITY CONTENTIONS
CASE NO. 3:18-CV-232

On April 19, 2018, to avoid further unnecessary motion practice and artificial delay, SRI filed its First Amended Complaint (the "FAC") which provided even more detailed infringement allegations, following those forth in its Infringement Contentions.  D.I. 31 [FAC].  Despite the level of detail in the FAC and Dynatrace's possession of SRI's detailed Infringement Contentions, Dynatrace has indicated that it intends to move to dismiss the FAC, rather than answer.  *See* Budaj Decl. at Exh. 1.

Under Patent L.R. 3-3 and 3-4, Defendant's invalidity contentions and accompanying document production ("Invalidity Contentions") must be served no later than June 1, 2018.  On April 17, 2018—two business days after receiving SRI's infringement contentions—Defendant asked SRI to agree to a stay of its obligations under the Patent Local Rules; SRI declined.  D.I. 34-1 [email].  The relief Defendant seeks would extend its obligation to serve its Invalidity Contentions until at least September, 2018—and likely even later.

## II.     Defendant Has Not Demonstrated That It Is Entitled to the Relief It Seeks.

Through its Motion, Defendant seeks an extension of a deadline set by Patent L.R. 3-3 that was triggered by SRI's service of its Infringement Contentions.[3]  While Patent L.R. 1-3 allows the Court to modify the Patent Local Rules' default deadlines upon a showing of "good cause," motions seeking relief from already-triggered deadlines are commonly evaluated under Civil L.R. 6-3.  *See, e.g.*, *Northpeak Wireless v. 3Com Corporation, et al.*, no. 09-cv-602, ECF No. 417 (N.D. Cal. Aug. 17, 2009); *Acer, Inc. v. Technology Properties Ltd, et al.*, no. 08-cv-877, ECF No. 306 (N.D. Cal. Nov. 22, 2011).  Local Rule 6-3 requires a particularized showing, including that any request for an enlargement of time must "identify the 'substantial harm or prejudice' that would result absent a time change."  *See Mazzarerro v. U.S.*, no. 10-cv-80156, 2011 WL 499972, at *3 (N.D. Cal. Feb. 8, 2011).[4]

---

[3] Defendant improperly brought the Motion under Civil L.R. 7-11, which applies only to matters "not otherwise governed by . . . local rule."

[4] Dynatrace's Motion fails to comply with Civil Local Rule 6-3 at least because it is not accompanied by a declaration that sets forth the information required by Civil Local Rule 6-3(a).  The Court could deny the Motion on these procedural grounds alone.  *Id.*

Dynatrace does not—and cannot—identify any prejudice that would ensue if it was held to its deadline for serving its Invalidity Contentions. Dynatrace does not argue, for example, that the asserted patents are particularly complex, that the prior art it hopes to utilize is somehow difficult to access, or that it faces any other unique challenge. In fact, it did not even attempt to comply with the presumptive deadline or contemplate what would be involved in doing so. The most Dynatrace can muster is to assert that, if the Court does not extend the time to serve its Invalidity Contentions, it will be prejudiced by having to serve those Contentions earlier than if it did receive the requested extension. Motion at 3–5. Under Dynatrace's view, then, ***any*** party requesting ***any*** extension of time would ***necessarily*** be prejudiced if it did not receive the requested extension. This cannot be.[5]

While Defendant alone bears the burden to demonstrate "substantial harm or prejudice," L.R. 6-3, granting Defendant's request would severely prejudice SRI. The massive extension of time Defendant seeks would put SRI at a significant strategic disadvantage. It would further result in months of costly delay during which SRI could not pursue its claims and the "just, speedy, and inexpensive determination" of this action, FRCP 1, but Defendant would be free to pursue serial motion practice.

Defendant fails to identify any prejudice it would suffer by being held to its obligation under Patent L.R. 3-3. As a result, it has demonstrated neither "substantial harm or prejudice" nor "good cause," and the Motion should be denied.

### III.    The Court Should Decline to Rewrite the Local Patent Rules in Defendant's Favor.

Defendant's Motion is premised largely on its argument that SRI's service of its Infringement Contentions before the initial Case Management Conference, while permitted by rule, is so unorthodox that it is somehow improper and entitles Dynatrace to a delay. Not so. SRI's service of its Infringement Contentions more than three months after it filed this action is expressly permitted by the letter of the Patent Local Rules and is consistent with the intent and spirit of those Rules.

---

[5] SRI and its counsel were deeply saddened to learn of the tragic loss suffered by a member of the Dynatrace in-house legal team and accommodated Dynatrace with multiple extensions of time. However, while Dynatrace discusses this tragedy in the context of prejudice, its offers no connection to its ability to comply with Patent L.R. 3-3.

1  Patent L.R. 3-1 provides that a party claiming patent infringement shall serve its infringement
2  contentions on all parties "[n]ot later than 14 days after the Initial Case Management Conference."
3  Defendant does not argue, nor could it, that SRI failed to comply with this Rule.  Rather, Defendant
4  argues—entirely without support—that this Rule somehow precludes service of infringement
5  contentions before the initial Case Management Conference.  Defendant's astonishing position is
6  contradicted by the express language of the Rule, and the Court should decline to re-write it to suit
7  Dynatrace's whims.

8  Moreover, Defendant's position stands in stark contradiction of the clear spirit of the Rule.
9  The Patent Local Rules are designed to "require parties to crystallize their theories of the case early in
10 the litigation and to adhere to those theories once they have been disclosed."  *InterTrust Techs. Corp.*
11 *v. Microsoft Corp.*, 2003 WL 23120174, at *2 (N.D. Cal. Dec. 1, 2003).  SRI's service of its
12 Infringement Contentions early in this case promotes precisely this early crystallization of theories.
13 In fact, if Dynatrace truly required deeper notice of SRI's infringement claims, as it argues through
14 its serial Rule 12 motions, it presumably would not simultaneously protest SRI's service of detailed
15 Infringement Contentions.

16 Similarly, the Patent Local Rules explicitly set the time for service of invalidity contentions
17 relative to when a patent holder serves its infringement contentions.  P.L.R. 3-3.  This is no
18 accident—if the rules were intended to operate as Dynatrace imagines, they easily could have set the
19 invalidity contentions deadline relative to the *deadline* for service of infringement contentions.  As
20 with numerous other deadlines in the Patent Local Rules, Local Rules, and FRCP, however,
21 Dynatrace's clock started when SRI actually served its Infringement Contentions.  Dynatrace should
22 not be heard to argue it would be "prejudiced" by a just application of the plain text of the Patent
23 Local Rules—nor because it could not control the timing of SRI's disclosures.  Indeed, if the Court
24 were to accept Dynatrace's argument, a deluge of defendants would come forward, pointing merely
25 to the fact that the Court has the ability under Patent L.R. 1-3 to tailor the Patent Local Rules to the
26 needs of the case, and ask the Court to re-write the rules in a way that most benefits them.  The Court
27 should decline Dynatrace's request to ignore deadlines that are not to its liking, and deny the Motion.
28

- 4 -
PLAINTIFF SOFTWARE RESEARCH, INC.'S OPPOSITION TO DEFENDANT DYNATRACE LLC'S OPPOSED MOTION FOR
ADMINISTRATIVE RELIEF FOR AN EXTENSION OF TIME TO SERVE INVALIDITY CONTENTIONS
CASE NO. 3:18-CV-232

IV. CONCLUSION

For the reasons set forth above, Dynatrace's Motion should be DENIED.

Date: April 27, 2018

Respectfully submitted,

SINGER BEA LLP

By: _____
Benjamin L. Singer
Evan Budaj
*Attorneys for Plaintiff Software Research, Inc.*