**singer bea** LLP

Benjamin L. Singer
(415) 500-6077
bsinger@singerbea.com

June 14, 2018
*VIA ECF*

Hon. Edward M. Chen, U.S.D.J.
United States District Court
450 Golden Gate Ave., Box 36060
San Francisco, CA 94102-3489

*Re: Software Research, Inc. v. Dynatrace LLC, et al.*, No. 3:18-cv-00232-EMC (N.D. Cal.)

Dear Judge Chen,

  The parties in the above-captioned action respectfully write pursuant to Your Honor's Civil Standing Order on Discovery, Paragraph 4, and submit this joint letter brief regarding a pending discovery dispute.

**SRI's Position**. SRI respectfully requests that the Court compel Dynatrace to substantively respond to discovery requests it served on April 14, 2018 (SRI's first set of interrogatories and first set of requests for production, along with Dynatrace's responses thereto, are attached hereto as Exhibits A–D). Dynatrace's "responses" to these discovery requests include only objections; Dynatrace did not substantively answer even one interrogatory, and did not produce documents nor commit to produce documents responsive to even one request for production.

  Since this case was filed in January, 2018, SRI has sought to move matters forward, to provide Dynatrace with the evidence it needs to assess this case and to seek the discovery SRI needs to do the same. Consistent with these goals, once discovery opened, SRI served an initial set of discovery requests on Dynatrace seeking the discovery SRI needs to assess and prosecute this case.

  At every turn, Dynatrace has resisted SRI's prosecution of this matter. Dynatrace first obtained multiple extensions of its time to respond to the Complaint, only to eventually file a half-baked motion to dismiss that is unlikely to result in the final disposition of this matter. When SRI amended its Complaint to include additional detail that Dynatrace claimed was missing—and after SRI served its infringement contentions in order to ensure Dynatrace understood its detailed infringement allegations—Dynatrace nonetheless renewed its motion to dismiss. Next, Dynatrace obtained an opposed extension of time for it to serve its invalidity contentions. Emboldened by its success on that motion, however, Dynatrace has now taken it upon itself to unilaterally stay discovery by refusing to respond to SRI's discovery requests. Indeed, Dynatrace's counsel indicated during the in-person meet-and-confer referenced above that Dynatrace intended to seek a stay of (some or all) discovery at the upcoming Case Management Conference before Your Honor—though no such request has yet been made.

www.singerbea.com

San Francisco
Phone (415) 500-6080
Fax (415) 500-6080
601 Montgomery Street, Suite 1950
San Francisco, CA 94111

Los Angeles
Phone (213) 223-2171
Fax (213) 223-2304
633 West Fifth Street 28th Floor
Los Angeles, CA 90071

DM2\8935842.1



Case 3:18-cv-00232-EMC   Document 46   Filed 06/14/18   Page 2 of 4

Letter to Hon. Edward M. Chen
June 14, 2018
Page 2 of 4

Dynatrace's excuses for not substantively responding to SRI's discovery requests are varied, but none are particularly availing. Most importantly, however, while Dynatrace may truly believe that certain, individual discovery requests are improper or premature, none of Dynatrace's arguments justify its wholesale refusal to answer even a single request or interrogatory. For example, Dynatrace argues that SRI's discovery requests are "premature" in light of Dynatrace's Motion to Dismiss; this Court's April 30, 2018 order; and/or the Patent Local Rules. But none of these excuse Dynatrace's failures: discovery opened after the parties held their Rule 26(f) conference at the end of March, 2018; the Court's order extended the deadline only for Dynatrace's invalidity contentions; and many of Dynatrace's objections pertaining to the Patent Local Rules are expressly barred by Patent Local Rule 2-5.

Dynatrace's further objections are similarly unfounded. Dynatrace argues, for example, that certain categories of discovery are not proper—for example, convoyed sales or information related to SRI's lost profits. But even if Dynatrace believes it will eventually succeed in keeping such issues out of this case at the time of trial, it cannot now unilaterally make such a determination and prevent SRI from even seeking discovery into such issues that the Court has not yet decided. Dynatrace also repeats the argument made in its motion to dismiss—that it still cannot determine what the accused products are and therefore cannot respond to discovery. But, as SRI outlined in its opposition to that motion, Dynatrace has SRI's full infringement contentions and is itself the only party that understands the precise way in which it sells and monetizes its products. Dynatrace cannot use its own obfuscation of its product offerings to prevent discovery into those product offerings.

While Dynatrace makes certain arguments pertaining to a few individual discovery requests, Dynatrace has put the cart before the horse. By refusing to substantively respond to a single discovery request, Dynatrace has made clear that the issue for the Court to address now is simply whether discovery should proceed as the Federal Rules of Civil Procedure and the Rules of this Court provide, or whether Dynatrace should be permitted to award itself a stay of all discovery without so much as first consulting with the Court.[1] SRI respectfully requests that Dynatrace be compelled to substantively respond to the discovery requests SRI has propounded.

**Dynatrace's Position**.

Dynatrace provides its portion here under protest. This issue should be presented in the parties' CMC statement not as a separate discovery letter. Moreover, SRI has not taken its meet and confer obligations seriously, and a compromise could be reached if SRI acted reasonably. SRI arbitrarily set June 14 as the date of filing and stated it would file with or without Dynatrace's portion.

At the outset of this case, Dynatrace had suggested that the parties engage in mediation before they expend significant resources. While the parties have agreed to a mediator, no mediation is set. Instead, Dynatrace has been faced with scorched earth litigation tactics starting with premature infringement contentions and 48 RFPs and 8 contention interrogatories, with sub-parts that exceed the number permitted, all before Dynatrace has even answered, or the pleadings settled. Dynatrace sought, and obtained a court order delaying its invalidity contentions and the required accompanying disclosures, many of which overlap with SRI's pending discovery. When faced with this discovery, Dynatrace met and conferred with SRI in person for several hours, walking through each request and interrogatory one by one. In the spirit of compromise,

---

[1] Despite Dynatrace's failure answer a single discovery request propounded by SRI, Dynatrace has, as of June 4, 2018, conceded that discovery should in fact be open by issuing its own discovery requests to SRI.

Letter to Hon. Edward M. Chen
June 14, 2018
Page 3 of 4

Dyntrace made the following suggestions to SRI:(1) identify the discovery it believes it needs for mediation; (2) identify what discovery is still at issue in light of this Court's order and the local rules; (3) decide whether it would agree to limit its discovery to synthetic website testing without prejudice to seek other avenues of discovery later; (4)decide  whether it would defer willfulness and inducement discovery pending the outcome of the motion to dismiss: or (5) consider deferring discovery altogether until the pleadings are settled. SRI has refused all efforts at compromise.  Instead, SRI served its discovery letter, asking for a blanket order compelling discovery, without a single substantive reason or discussion of the actual request at issue.

SRI's pursuit of discovery before Dynatrace's invalidity contentions are due is a clear attempt to do an end run around this Court's April 30, 2018 order, which does not require such disclosures until August 1, 2018. *See e.g.* (RFP No. 8 "ALL DOCUMENTS regarding anything YOU alleged to be prior art to any of the ASSERTED PATENTS.;")(RFP No. 14 "ALL DOCUMENTS RELATING TO your contention that the ASSERTED PATENTS are invalid;)(RFP No. 33 All DOCUMENTS and THINGS that YOU understand or believe to support YOUR contentions, if any, that any ASSERTED PATENT is invalid).; *see also* RFP No 40  (all documents relating to any investigation to show good faith basis for the opinion that you do no infringe or the patents are invalid;) RFP 41 ("All DOCUMENTS and THINGS relating to all communications exchanged between YOU and any attorney relating to any ASSERTED PATENT, including all opinions and advice of counsel on which YOU intend to rely relating to the infringement, validity, unenforceability, or scope of any ASSERTED PATENT.)

Moreover, SRI's discovery is overbroad, not proportional to the needs of the case, and premature. For example, RFP No. 10 "ALL DOCUMENTS RELATING TO and/or referencing SRI" and RFP No. 48, "To the extent not called for by any preceding paragraph, all other DOCUMENTS and THINGS relating to any claim or defense in this Lawsuit."  These requests are inappropriate for a variety of reasons including that they have no limit on breadth or temporal scope and call for mental impressions of counsel, particularly since Dynatrace has not yet answered.  *See also*  RFP No. 34 (all documents concerning equitable defenses.); RFP No. 39 (all documents concerning your contentions that you do not infringe.)

SRI's contention interrogatories fare no better.  *See e.g* Rog Nos. 3 and 5 (non-infringement contentions;) and Rog No. 4 (damages contentions and other reasonable royalty analysis); Rog No. 6 (expert reports or investigations concerning economic value).  Once again, without any justification, SRI is attempting to push this case forward prematurely.  Courts in this district frown at premature contention discovery.  *See e.g.*, <u>24/7 Customer, Inc. v. LivePerson, Inc.</u>, No. 15-cv-02897-JST(KAW), 2016 WL 4054884, at *1 (N.D. Cal. July 29, 2016) (court denying motion to compel interrogatory seeking "all factual and legal bases for your contention, if any, that you do not infringe and have not infringed" served before claim construction.) Despite the patent local rules, this Court's order and sound legal authority, SRI continues to forge ahead.  SRI has even gone so far as to ask for concessions from Dynatrace to avoid certain discovery such as agreeing that it will rely solely on expert testimony with respect to any reasonable royalty assessment.  Dynatrace should not be forced to make such choices when it has not even answered yet.

In addition to the above, Dynatrace has a more practical problem.  SRI has not identified a single accused product and refuses to provide more specificity.  Instead, Plaintiff has asked that Dynatrace identify every product it sells and explain how it works and Plaintiff will decide if it is an infringing product or not.  This is of course, not how it works.

Dynatrace is willing to respond to discovery at this early stage if it will facilitate mediation but with the appropriate limits.  In that spirit, Dynatrace served five narrow RFPs directed to SRI's advertising and sale of certain of its own products prior to November 1999 to obtain further evidence that SRI's patents are invalid.  This is a far cry from the 48 RFPs and 8 interrogatories served by SRI, asking essentially for anything that could remotely be relevant to the case including expert opinion, non-infringement and invalidity contentions, and reasonable royalty assessments.  There is simply no reason to force Dynatrace to provide this information now.

Letter to Hon. Edward M. Chen
June 14, 2018
Page 4 of 4

   The parties hereby certify that counsel with full and complete authority on discovery matters for both parties met and conferred in person at the offices of Dynatrace's counsel on Tuesday, May 29, 2018, in an effort to resolve this dispute.  By signing this joint letter brief, lead trial counsel for both parties certify that they have concluded no agreement can be reached.

Respectfully,

*/s/ Benjamin L. Singer*_____   */s/ Karineh Khachatourian*_____
Benjamin L. Singer            Karineh Khachatourian

**Attestation Regarding Signatures**

   I, Benjamin L. Singer, attest that all signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

*/s/ Benjamin L. Singer*
Benjamin L. Singer

cc: Counsel of record (via ECF)