1   DUANE MORRIS LLP
    Karineh Khachatourian (CA SBN 202634)
2   kkhachatourian@duanemorris.com
    Daniel T. McCloskey (CA SBN 191944)
3   dtmccloskey@duanemorris.com
    David T. Xue (CA SBN 256668)
4   dtxue@duanemorris.com
    Nikolaus A. Woloszczuk (CA SBN 286633)
5   nawoloszczuk@duanemorris.com
    2475 Hanover Street
6   Palo Alto, CA 94304-1194
    Telephone: 650.847.4150
7   Facsimile: 650.847.4151

8   Attorneys for Defendant,
    DYNATRACE LLC

9

10              **UNITED STATES DISTRICT COURT**

11             **NORTHERN DISTRICT OF CALIFORNIA**

12                **SAN FRANCISCO DIVISION**

13

14
    SOFTWARE RESEARCH, INC.,                Case No. 18-cv-00232-EMC
15
                    Plaintiff,              **DEFENDANT DYNATRACE LLC'S**
16                                          **ANSWER TO PLAINTIFF'S FIRST**
            v.                              **AMENDED COMPLAINT;**
17                                          **COUNTERCLAIMS; DEMAND FOR**
    DYNATRACE LLC,                          **JURY TRIAL**
18
                    Defendant.
19

20

21

22

23

24

25

26

27

28

DM2/8993161

Defendant Dynatrace LLC ("Dynatrace"), responds to Plaintiff Software Research, Inc.'s ("SRI") First Amended Complaint ("FAC"), dated April 19, 2018, as follows. Any allegation that Defendant does not expressly admit should be deemed denied.

**1.    NATURE OF THE ACTION**[1]

1.    With respect to the allegations of Paragraph 1 of the FAC, Dynatrace admits that SRI's FAC purports to be a civil action for patent infringement arising under the patents laws of the United States, Title 35 of the United States Code.

2.    Dynatrace denies the allegations of Paragraph 2.

**2.    THE PARTIES**

3.    Dynatrace is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 3, and therefore denies them.

4.    Dynatrace admits the allegations of Paragraph 4.

5.    The allegations of Paragraph 5 include legal argument and conclusions to which no response is required. To the extent a response is deemed required, Dynatrace denies that it has or does infringe any valid claim of any of the Patents-in-Suit. Dynatrace is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 5, and therefore denies them.[2]

6.    The allegations of Paragraph 6 include legal argument and conclusions to which no response is required. To the extent a response is deemed required, Dynatrace denies the allegations of Paragraph 6.

**3.    JURISDICTION AND VENUE**

7.    With respect to the allegations of Paragraph 7, Dynatrace admits that SRI's FAC purports to be a civil action for patent infringement arising under the patents laws of the United States, Title 35 of the United States Code and that this Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a), and denies that SRI has any viable claim.

---

[1] To avoid confusion, Dynatrace uses the headings used by SRI in its FAC where appropriate, but Dynatrace does not intend any admissions or endorsements of their content.
[2] Dynatrace is answering this FAC on behalf of itself only, and not on behalf of any unnamed or "DOE" defendants. To the extent the FAC refers to "Defendants," Dynatrace answers for itself only and does not have sufficient information to respond on behalf of anyone else.

8.     With respect to the allegations of Paragraph 8, Dynatrace admits that this Court has personal jurisdiction over Dynatrace in this action, denies committing acts of patent infringement and denies the remaining allegations of Paragraph 8.

9.     The allegations contained in Paragraph 9 include legal argument and conclusions to which no response is required. To the extent a response is deemed required, Dynatrace admits that it transacts business in this State and this District and denies the remaining allegations of Paragraph 9.

10.     The allegations contained in Paragraph 10 include legal argument and conclusions to which no response is required. To the extent a response is deemed required, Dynatrace admits that it transacts business in this State and in this District and denies committing acts of infringement and denies the remaining allegations of Paragraph 10.

11.     The allegations contained in Paragraph 11 include legal argument and conclusions to which no response is required. To the extent a response is deemed required, Dynatrace denies the allegations of Paragraph 11.

**4.     <u>BACKGROUND</u>**

12.     With respect to the allegations of Paragraph 12, Dynatrace admits that it develops synthetic website monitoring software features, but denies that its products are presently titled "Dynatrace Performance Management," and denies any remaining allegations of Paragraph 12.

13.     Dynatrace denies the allegations of Paragraph 13.

14.     Dynatrace denies the allegations of Paragraph 14.

15.     With respect to the allegations of Paragraph 15, Dynatrace admits that its website can be found at https://www.dynatrace.com/capabilities/synthetic-monitoring/, and denies the remaining allegations of Paragraph 15.

16.     With respect to the allegations of Paragraph 16, Dynatrace admits that its website can be found at https://www.dynatrace.com/capabilities/synthetic-monitoring/, and denies the remaining allegations of Paragraph 16.

17.     With respect to the allegations of Paragraph 17, Plaintiff's claims for pre-suit indirect infringement and willful infringement have been dismissed (*see* D.I. 53) and therefore such allegations are moot and no response is required. To the extent a response is deemed required,

Dynatrace is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 17, and therefore denies them.

18.     With respect to the allegations of Paragraph 18, Plaintiff's claims for pre-suit indirect infringement and willful infringement have been dismissed (*see* D.I. 53) and therefore such allegations are moot and no response is required. Further, the allegations contained in Paragraph 18 include legal argument and conclusions to which no response is required. To the extent a response is deemed required, Dynatrace denies the allegations of Paragraph 18.

19.     With respect to the allegations of Paragraph 19, Plaintiff's claims for pre-suit indirect infringement and willful infringement have been dismissed (*see* D.I. 53) and therefore such allegations are moot and no response is required. To the extent a response is deemed required, Dynatrace is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 19, and therefore denies them.

20.     With respect to the allegations of Paragraph 20, Plaintiff's claims for pre-suit indirect infringement and willful infringement have been dismissed (*see* D.I. 53) and therefore such allegations are moot and no response is required. To the extent a response is deemed required, Dynatrace is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 20, and therefore denies them.

21.     With respect to the allegations of Paragraph 21, Plaintiff's claims for pre-suit indirect infringement and willful infringement have been dismissed (*see* D.I. 53) and therefore such allegations are moot and no response is required. Further, the allegations contained in Paragraph 21 include legal argument and conclusions to which no response is required. To the extent a response is deemed required, Dynatrace denies the allegations of Paragraph 21.

22.     With respect to the allegations of Paragraph 22, Plaintiff's claims for pre-suit indirect infringement and willful infringement have been dismissed (*see* D.I. 53) and therefore such allegations are moot and no response is required. To the extent a response is deemed required, Dynatrace is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 22, and therefore denies them.

23.     With respect to the allegations of Paragraph 23, Plaintiff's claims for pre-suit indirect

infringement and willful infringement have been dismissed (*see* D.I. 53) and therefore such allegations are moot and no response is required. To the extent a response is deemed required, Dynatrace is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 23, and therefore denies them.

24.     With respect to the allegations of Paragraph 24, Plaintiff's claims for pre-suit indirect infringement and willful infringement have been dismissed (*see* D.I. 53) and therefore such allegations are moot and no response is required. Further, the allegations contained in Paragraph 24 include legal argument and conclusions to which no response is required. To the extent a response is deemed required, Dynatrace denies the allegations of Paragraph 24.

25.     With respect to the allegations of Paragraph 25, Plaintiff's claims for pre-suit indirect infringement and willful infringement have been dismissed (*see* D.I. 53) and therefore such allegations are moot and no response is required. To the extent a response is deemed required, Dynatrace is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 25, and therefore denies them.

26.     With respect to the allegations of Paragraph 26, Plaintiff's claims for pre-suit indirect infringement and willful infringement have been dismissed (*see* D.I. 53) and therefore such allegations are moot and no response is required. To the extent a response is deemed required, Dynatrace is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 26, and therefore denies them.

27.     With respect to the allegations of Paragraph 27, Plaintiff's claims for pre-suit indirect infringement and willful infringement have been dismissed (*see* D.I. 53) and therefore such allegations are moot and no response is required. To the extent a response is deemed required, Dynatrace admits on information and belief that USPTO records state that U.S. Patent No. 8,065,414 (the "'414 patent") was issued on November 22, 2011 based on U.S. Patent Application No. 12/727,004, filed March 18, 2010, and denies any remaining allegations of Paragraph 27.

28.     With respect to the allegations of Paragraph 28, Plaintiff's claims for pre-suit indirect infringement and willful infringement have been dismissed (*see* D.I. 53) and therefore such allegations are moot and no response is required. Further, the allegations contained in Paragraph 28

include legal argument and conclusions to which no response is required. To the extent a response is deemed required, Dynatrace admits that USPTO records state that Compuware was an assignee of the '414 patent and that Compuware assigned the '414 patent to Dynatrace, and denies any remaining allegations of Paragraph 28.

29. With respect to the allegations of Paragraph 29, Plaintiff's claims for pre-suit indirect infringement and willful infringement have been dismissed (*see* D.I. 53) and therefore such allegations are moot and no response is required. Further, the allegations contained in Paragraph 29 include legal argument and conclusions to which no response is required. To the extent a response is deemed required, Dynatrace is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 29, and therefore denies them.

30. With respect to the allegations of Paragraph 30, Plaintiff's claims for pre-suit indirect infringement and willful infringement have been dismissed (*see* D.I. 53) and therefore such allegations are moot and no response is required. Further, the allegations contained in Paragraph 30 include legal argument and conclusions to which no response is required. To the extent a response is deemed required, Dynatrace denies the allegations of Paragraph 30.

31. With respect to the allegations of Paragraph 31, Plaintiff's claims for pre-suit indirect infringement and willful infringement have been dismissed (*see* D.I. 53) and therefore such allegations are moot and no response is required. Further, the allegations contained in Paragraph 31 include legal argument and conclusions to which no response is required. To the extent a response is deemed required, Dynatrace admits that U.S. Patent No. 8,065,410 has been assigned to Dynatrace and that it includes a reference to U.S. Patent Application No. 2003/0005044 A1 and denies the remaining allegations of Paragraph 31.

32. With respect to the allegations of Paragraph 32, Plaintiff's claims for pre-suit indirect infringement and willful infringement have been dismissed (*see* D.I. 53) and therefore such allegations are moot and no response is required. Further, the allegations contained in Paragraph 32 include legal argument and conclusions to which no response is required. To the extent a response is deemed required, Dynatrace admits that U.S. Patent No. 8,095,650 has been assigned to Dynatrace and that it includes a reference to U.S. Patent Application No. 2003/0005044 A1 and denies the

remaining allegations of Paragraph 32.

33.     With respect to the allegations of Paragraph 33, Plaintiff's claims for pre-suit indirect infringement and willful infringement have been dismissed (*see* D.I. 53) and therefore such allegations are moot and no response is required. Further, the allegations contained in Paragraph 33 include legal argument and conclusions to which no response is required. To the extent a response is deemed required, Dynatrace admits that U.S. Patent No. 8,407,337 has been assigned to Dynatrace and that it includes a reference to the '175 patent and denies the remaining allegations of Paragraph 33.

34.     With respect to the allegations of Paragraph 34, Plaintiff's claims for pre-suit indirect infringement and willful infringement have been dismissed (*see* D.I. 53) and therefore such allegations are moot and no response is required. Further, the allegations contained in Paragraph 34 include legal argument and conclusions to which no response is required. To the extent a response is deemed required, Dynatrace admits that U.S. Patent No. 9,571,591 has been assigned to Dynatrace and that it includes a reference to U.S. Patent Application No. 2015/0186249 A1 and denies the remaining allegations of Paragraph 34.

35.     With respect to the allegations of Paragraph 35, Plaintiff's claims for pre-suit indirect infringement and willful infringement have been dismissed (*see* D.I. 53) and therefore such allegations are moot and no response is required. Further, the allegations contained in Paragraph 35 include legal argument and conclusions to which no response is required. To the extent a response is deemed required, Dynatrace admits that U.S. Patent No. 9,355,015 has been assigned to Dynatrace and that it includes a reference to U.S. Patent Application No. 2009/0100345 A1 and denies the remaining allegations of Paragraph 35.

## COUNT 1 – INFRINGEMENT OF THE '175 PATENT

36.     Dynatrace incorporates by reference its responses to the allegations in each of the preceding paragraphs as if fully set forth herein.

37.     With respect to the allegations of Paragraph 37, Dynatrace admits that what appears to be a copy of U.S. Patent No. 7,757,175 is attached as Exhibit A to the FAC. Dynatrace is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of

Paragraph 37, and therefore denies them.

38.     Paragraph 38 contains subjective characterizations of technology not necessary to Plaintiff's claims to which no response is required. To the extent a response is deemed required, Dynatrace is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 38, and therefore denies them.

39.     Dynatrace is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 39, and therefore denies them.

40.     Dynatrace is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 40, and therefore denies them.

41.     With respect to the allegations of Paragraph 41, Plaintiff's claims for pre-suit indirect infringement and willful infringement have been dismissed (*see* D.I. 53) and therefore such allegations are moot and no response is required. Further, the allegations contained in Paragraph 41 include legal argument and conclusions to which no response is required. To the extent a response is deemed required, Dynatrace denies the allegations of Paragraph 41.

42.     Dynatrace is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 42, and therefore denies them.

43.     With respect to the allegations of Paragraph 43, Plaintiff's claims for pre-suit indirect infringement and willful infringement have been dismissed (*see* D.I. 53) and therefore such allegations are moot and no response is required. Further, the allegations contained in Paragraph 43 include legal argument and conclusions to which no response is required. To the extent a response is deemed required, Dynatrace denies the allegations of Paragraph 43.

44.     Dynatrace denies the allegations of Paragraph 44.

45.     The allegations contained in Paragraph 45 include legal argument and conclusions to which no response is required. To the extent a response is deemed required, Dynatrace denies the allegations of Paragraph 45.

46.     Dynatrace denies the allegations of Paragraph 46.

47.     Dynatrace denies the allegations of Paragraph 47.

48.     With respect to the allegations of Paragraph 48, Dynatrace admits that its website can

be found at https://www.dynatrace.com/support/doc/synthetic/recorder, and denies any infringement and denies the remaining allegations of Paragraph 48.

49.     With respect to the allegations of Paragraph 49, Dynatrace admits that it was made aware of the '175 patent in connection with the service of the Complaint in this case and denies any remaining allegations of Paragraph 49.

50.     Dynatrace denies the allegations of Paragraph 50.

51.     Dynatrace denies the allegations of Paragraph 51.

52.     Dynatrace denies the allegations of Paragraph 52.

53.     Dynatrace denies the allegations of Paragraph 53.

54.     Dynatrace denies the allegations of Paragraph 54.

55.     Dynatrace denies the allegations of Paragraph 55.

56.     With respect to the allegations of Paragraph 56, Plaintiff's claims for pre-suit indirect infringement and willful infringement have been dismissed (*see* D.I. 53) and therefore such allegations are moot and no response is required. Further, the allegations contained in Paragraph 56 include legal argument and conclusions to which no response is required. To the extent a response is deemed required, Dynatrace denies the allegations of Paragraph 56.

57.     Dynatrace denies the allegations of Paragraph 57.

## COUNT II – INFRINGEMENT OF THE '271 PATENT

58.     Dynatrace incorporates by reference its responses to the allegations in each of the preceding paragraphs as if fully set forth herein.

59.     With respect to the allegations of Paragraph 59, Dynatrace admits that what appears to be a copy of U.S. Patent No. 8,327,271 is attached as Exhibit B to the FAC. Dynatrace is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 59, and therefore denies them.

60.     Paragraph 60 contains subjective characterizations of technology not necessary to Plaintiff's claims to which no response is required. To the extent a response is deemed required, Dynatrace is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 60, and therefore denies them.

61.     Dynatrace is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 61, and therefore denies them.

62.     Dynatrace is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 62, and therefore denies them.

63.     With respect to the allegations of Paragraph 63, Plaintiff's claims for pre-suit indirect infringement and willful infringement have been dismissed (*see* D.I. 53) and therefore such allegations are moot and no response is required. Further, the allegations contained in Paragraph 63 include legal argument and conclusions to which no response is required. To the extent a response is deemed required, Dynatrace denies the allegations of Paragraph 63.

64.     Dynatrace is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 64, and therefore denies them.

65.     With respect to the allegations of Paragraph 65, Plaintiff's claims for pre-suit indirect infringement and willful infringement have been dismissed (*see* D.I. 53) and therefore such allegations are moot and no response is required. Further, the allegations contained in Paragraph 65 include legal argument and conclusions to which no response is required. To the extent a response is deemed required, Dynatrace denies the allegations of Paragraph 65.

66.     Dynatrace denies the allegations of Paragraph 66.

67.     Dynatrace denies the allegations of Paragraph 67.

68.     Dynatrace denies the allegations of Paragraph 68.

69.     Dynatrace denies the allegations of Paragraph 69.

70.     With respect to the allegations of Paragraph 70, Dynatrace admits that its website can be found at https://www.dynatrace.com/support/doc/synthetic/recorder, and denies the remaining allegations of Paragraph 70.

71.     With respect to the allegations of Paragraph 71, Dynatrace admits that it was made aware of the '271 patent in connection with the service of the Complaint in this case and denies any remaining allegations of Paragraph 71.

72.     Dynatrace denies the allegations of Paragraph 72.

73.     Dynatrace denies the allegations of Paragraph 73.

74.     Dynatrace denies the allegations of Paragraph 74.

75.     Dynatrace denies the allegations of Paragraph 75.

76.     Dynatrace denies the allegations of Paragraph 76.

77.     Dynatrace denies the allegations of Paragraph 77.

78.     With respect to the allegations of Paragraph 78, Plaintiff's claims for pre-suit indirect infringement and willful infringement have been dismissed (*see* D.I. 53) and therefore such allegations are moot and no response is required. Further, the allegations contained in Paragraph 78 include legal argument and conclusions to which no response is required. To the extent a response is deemed required, Dynatrace denies the allegations of Paragraph 78.

79.     Dynatrace denies the allegations of Paragraph 79.

## COUNT III – INFRINGEMENT OF THE '890 PATENT

80.     Dynatrace incorporates by reference its responses to the allegations in each of the preceding paragraphs as if fully set forth herein.

81.     With respect to the allegations of Paragraph 81, Dynatrace admits that what appears to be a copy of U.S. Patent No. 8,392,890 is attached as Exhibit C to the FAC. Dynatrace is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 81, and therefore denies them.

82.     Paragraph 82 contains subjective characterizations of technology not necessary to Plaintiff's claims to which no response is required. To the extent a response is deemed required, Dynatrace is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 82, and therefore denies them.

83.     Dynatrace is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 83, and therefore denies them.

84.     Dynatrace is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 84, and therefore denies them.

85.     With respect to the allegations of Paragraph 85, Plaintiff's claims for pre-suit indirect infringement and willful infringement have been dismissed (*see* D.I. 53) and therefore such allegations are moot and no response is required. Further, the allegations contained in Paragraph 85

include legal argument and conclusions to which no response is required. To the extent a response is deemed required, Dynatrace denies the allegations of Paragraph 85.

86.     Dynatrace is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 86, and therefore denies them.

87.     With respect to the allegations of Paragraph 87, Plaintiff's claims for pre-suit indirect infringement and willful infringement have been dismissed (*see* D.I. 53) and therefore such allegations are moot and no response is required. Further, the allegations contained in Paragraph 87 include legal argument and conclusions to which no response is required. To the extent a response is deemed required, Dynatrace denies the allegations of Paragraph 87.

88.     Dynatrace denies the allegations of Paragraph 88.

89.     Dynatrace denies the allegations of Paragraph 89.

90.     Dynatrace denies the allegations of Paragraph 90.

91.     Dynatrace denies the allegations of Paragraph 91.

92.     With respect to the allegations of Paragraph 92, Dynatrace admits that its website can be found at https://www.dynatrace.com/support/doc/synthetic/recorder, and denies any infringement and denies the remaining allegations of Paragraph 92.

93.     With respect to the allegations of Paragraph 93, Dynatrace admits that it was made aware of the '890 patent in connection with the service of the Complaint in this case and denies any remaining allegations of Paragraph 93.

94.     Dynatrace denies the allegations of Paragraph 94.

95.     Dynatrace denies the allegations of Paragraph 95.

96.     Dynatrace denies the allegations of Paragraph 96.

97.     Dynatrace denies the allegations of Paragraph 97.

98.     Dynatrace denies the allegations of Paragraph 98.

99.     Dynatrace denies the allegations of Paragraph 99.

100.    With respect to the allegations of Paragraph 100, Plaintiff's claims for pre-suit indirect infringement and willful infringement have been dismissed (*see* D.I. 53) and therefore such allegations are moot and no response is required. Further, the allegations contained in Paragraph 100

include legal argument and conclusions to which no response is required. To the extent a response is deemed required, Dynatrace denies the allegations of Paragraph 100.

101.    Dynatrace denies the allegations of Paragraph 101.

### COUNT IV – INFRINGEMENT OF THE '585 PATENT

102.    Dynatrace incorporates by reference its responses to the allegations in each of the preceding paragraphs as if fully set forth herein.

103.    With respect to the allegations of Paragraph 103, Dynatrace admits that what appears to be a copy of U.S. Patent No. 8,495,585 is attached as Exhibit D to the FAC. Dynatrace is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 103, and therefore denies them.

104.    Paragraph 104 contains subjective characterizations of technology not necessary to Plaintiff's claims to which no response is required. To the extent a response is deemed required, Dynatrace is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 104, and therefore denies them.

105.    Dynatrace is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 105, and therefore denies them.

106.    Dynatrace is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 106, and therefore denies them.

107.    With respect to the allegations of Paragraph 107, Plaintiff's claims for pre-suit indirect infringement and willful infringement have been dismissed (*see* D.I. 53) and therefore such allegations are moot and no response is required. Further, the allegations contained in Paragraph 107 include legal argument and conclusions to which no response is required. To the extent a response is deemed required, Dynatrace denies the allegations of Paragraph 107.

108.    Dynatrace is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 108, and therefore denies them.

109.    With respect to the allegations of Paragraph 109, Plaintiff's claims for pre-suit indirect infringement and willful infringement have been dismissed (*see* D.I. 53) and therefore such allegations are moot and no response is required. Further, the allegations contained in Paragraph 109

include legal argument and conclusions to which no response is required. To the extent a response is deemed required, Dynatrace denies the allegations of Paragraph 109.

110.    Dynatrace denies the allegations of Paragraph 110.

111.    Dynatrace denies the allegations of Paragraph 111.

112.    Dynatrace denies the allegations of Paragraph 112.

113.    Dynatrace denies the allegations of Paragraph 113.

114.    With respect to the allegations of Paragraph 114, Dynatrace admits that its website can be found at https://www.dynatrace.com/support/doc/synthetic/recorder, and denies any infringement and denies the remaining allegations of Paragraph 114.

115.    With respect to the allegations of Paragraph 115, Dynatrace admits that it was made aware of the '585 patent in connection with the service of the Complaint in this case and denies any remaining allegations of Paragraph 115.

116.    Dynatrace denies the allegations of Paragraph 116.

117.    Dynatrace denies the allegations of Paragraph 117.

118.    Dynatrace denies the allegations of Paragraph 118.

119.    Dynatrace denies the allegations of Paragraph 119.

120.    Dynatrace denies the allegations of Paragraph 120.

121.    Dynatrace denies the allegations of Paragraph 121.

122.    With respect to the allegations of Paragraph 122, Plaintiff's claims for pre-suit indirect infringement and willful infringement have been dismissed (*see* D.I. 53) and therefore such allegations are moot and no response is required. Further, the allegations contained in Paragraph 122 include legal argument and conclusions to which no response is required. To the extent a response is deemed required, Dynatrace denies the allegations of Paragraph 122.

123.    Dynatrace denies the allegations of Paragraph 123.

## COUNT V – INFRINGEMENT OF THE '493 PATENT

124.    Dynatrace incorporates by reference its responses to the allegations in each of the preceding paragraphs as if fully set forth herein.

125.    With respect to the allegations of Paragraph 125, Dynatrace admits that what appears

13

to be a copy of U.S. Patent No. 8, 650,493 is attached as Exhibit E to the FAC. Dynatrace is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 125, and therefore denies them.

126.     Paragraph 126 contains subjective characterizations of technology not necessary to Plaintiff's claims to which no response is required. To the extent a response is deemed required, Dynatrace is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 126, and therefore denies them.

127.     Dynatrace is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 127, and therefore denies them.

128.     Dynatrace is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 128, and therefore denies them.

129.     With respect to the allegations of Paragraph 129, Plaintiff's claims for pre-suit indirect infringement and willful infringement have been dismissed (*see* D.I. 53) and therefore such allegations are moot and no response is required. Further, the allegations contained in Paragraph 129 include legal argument and conclusions to which no response is required. To the extent a response is deemed required, Dynatrace denies the allegations of Paragraph 129.

130.     Dynatrace is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 130, and therefore denies them.

131.     With respect to the allegations of Paragraph 131, Plaintiff's claims for pre-suit indirect infringement and willful infringement have been dismissed (*see* D.I. 53) and therefore such allegations are moot and no response is required. Further, the allegations contained in Paragraph 131 include legal argument and conclusions to which no response is required. To the extent a response is deemed required, Dynatrace denies the allegations of Paragraph 131.

132.     Dynatrace denies the allegations of Paragraph 132.

133.     Dynatrace denies the allegations of Paragraph 133.

134.     Dynatrace denies the allegations of Paragraph 134.

135.     Dynatrace denies the allegations of Paragraph 135.

136.     With respect to the allegations of Paragraph 136, Dynatrace admits that its website

can be found at https://www.dynatrace.com/support/doc/synthetic/recorder, and denies any infringement and denies the remaining allegations of Paragraph 136.

137.    With respect to the allegations of Paragraph 137, Dynatrace admits that it was made aware of the '493 patent in connection with the service of the Complaint in this case and denies any remaining allegations of Paragraph 137.

138.    Dynatrace denies the allegations of Paragraph 138.

139.    Dynatrace denies the allegations of Paragraph 139.

140.    Dynatrace denies the allegations of Paragraph 140.

141.    Dynatrace denies the allegations of Paragraph 141.

142.    Dynatrace denies the allegations of Paragraph 142.

143.    Dynatrace denies the allegations of Paragraph 143.

144.    With respect to the allegations of Paragraph 144, Plaintiff's claims for pre-suit indirect infringement and willful infringement have been dismissed (*see* D.I. 53) and therefore such allegations are moot and no response is required. Further, the allegations contained in Paragraph 144 include legal argument and conclusions to which no response is required. To the extent a response is deemed required, Dynatrace denies the allegations of Paragraph 144.

145.    Dynatrace denies the allegations of Paragraph 145.

## COUNT VI – INFRINGEMENT OF THE '491 PATENT

146.    Dynatrace incorporates by reference its responses to the allegations in each of the preceding paragraphs as if fully set forth herein.

147.    With respect to the allegations of Paragraph 147, Dynatrace admits that what appears to be a copy of U.S. Patent No. 8,984,491 is attached as Exhibit F to the FAC. Dynatrace is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 147, and therefore denies them.

148.    Paragraph 148 contains subjective characterizations of technology not necessary to Plaintiff's claims to which no response is required. To the extent a response is deemed required, Dynatrace is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 148, and therefore denies them.

149.     Dynatrace is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 149, and therefore denies them.

150.     Dynatrace is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 150, and therefore denies them.

151.     With respect to the allegations of Paragraph 151, Plaintiff's claims for pre-suit indirect infringement and willful infringement have been dismissed (*see* D.I. 53) and therefore such allegations are moot and no response is required. Further, the allegations contained in Paragraph 151 include legal argument and conclusions to which no response is required. To the extent a response is deemed required, Dynatrace denies the allegations of Paragraph 151.

152.     Dynatrace is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 152, and therefore denies them.

153.     With respect to the allegations of Paragraph 153, Plaintiff's claims for pre-suit indirect infringement and willful infringement have been dismissed (*see* D.I. 53) and therefore such allegations are moot and no response is required. Further, the allegations contained in Paragraph 153 include legal argument and conclusions to which no response is required. To the extent a response is deemed required, Dynatrace denies the allegations of Paragraph 153.

154.     Dynatrace denies the allegations of Paragraph 154.

155.     Dynatrace denies the allegations of Paragraph 155.

156.     Dynatrace denies the allegations of Paragraph 156.

157.     Dynatrace denies the allegations of Paragraph 157.

158.     With respect to the allegations of Paragraph 158, Dynatrace admits that its website can be found at https://www.dynatrace.com/support/doc/synthetic/recorder, and denies any infringement and denies the remaining allegations of Paragraph 158.

159.     With respect to the allegations of Paragraph 159, Dynatrace admits that it was made aware of the '493 patent in connection with the service of the Complaint in this case and denies any remaining allegations of Paragraph 159.

160.     Dynatrace denies the allegations of Paragraph 160.

161.     Dynatrace denies the allegations of Paragraph 161.

162.    Dynatrace denies the allegations of Paragraph 162.

163.    Dynatrace denies the allegations of Paragraph 163.

164.    Dynatrace denies the allegations of Paragraph 164.

165.    Dynatrace denies the allegations of Paragraph 165.

166.    With respect to the allegations of Paragraph 166, Plaintiff's claims for pre-suit indirect infringement and willful infringement have been dismissed (*see* D.I. 53) and therefore such allegations are moot and no response is required. Further, the allegations contained in Paragraph 166 include legal argument and conclusions to which no response is required. To the extent a response is deemed required, Dynatrace denies the allegations of Paragraph 166.

167.    Dynatrace denies the allegations of Paragraph 167.

### DEMAND FOR JURY TRIAL

168.    Dynatrace admits that SRI demands a trial by jury of all issues so triable under Federal Rule of Civil Procedure 38(b). Dynatrace also demands a trial jury on all issues so triable under Federal Rule of Civil Procedure 38(b).

### SRI'S PRAYER FOR RELIEF

169.    Dynatrace denies that SRI is entitled to any of the relief requested in its Prayer for Relief or any other relief requested in connection with this action.

### AFFIRMATIVE DEFENSES

Dynatrace incorporates by reference the foregoing paragraphs in their entirety and asserts the following Affirmative Defenses.  By asserting these Affirmative Defenses, Dynatrace does not admit that it bears the burden of proof on any issue and does not accept any burden it would not otherwise bear.  Dynatrace reserves all rights to amend this Answer to allege additional defenses as further information becomes available, including but not limited to, those related to unenforceability of all patents asserted in this action based on inequitable conduct, as Dynatrace learns additional facts.

### FIRST AFFIRMATIVE DEFENSE

Dynatrace does not infringe and has not infringed, either directly, jointly, contributorily or by inducement, any claim of United States Patent Nos. 7,757,175 (the "'175 Patent"); 8,327,271 (the "'271 Patent"); 8,392,890 (the "'890 Patent"); 8,495,585 (the "'585 Patent"); 8,650,493 (the "'493

17

Patent"), and 8,984,491 (the "'491 Patent") (collectively, the "Asserted Patents"), either literally or under the doctrine of equivalents.

### SECOND AFFIRMATIVE DEFENSE

Each claim of the Asserted Patents is invalid, unenforceable and/or void for failure to comply with one or more of the conditions and requirements of patentability of the United States Patent Act, 35 U.S.C. § 1 *et seq.*, including without limitation 35 U.S.C. §§ 101, 102, 103, 112 and/or the rules, regulations, laws and decisions pertaining thereto, and including without limitation that one or more of the inventions claimed in the Asserted Patents is subject to the applicable on-sale bar under § 102.

### THIRD AFFIRMATIVE DEFENSE

SRI's claims for patent infringement are barred, in whole or in part, as a result of express or implied licenses to the Asserted Patents and/or under the doctrine of patent exhaustion by virtue of license agreements it and/or its predecessors have entered into.

### FOURTH AFFIRMATIVE DEFENSE

SRI's claims for patent infringement are barred, in whole or in part, by equitable defenses, including prosecution laches, estoppel, waiver and/or unclean hands.

### FIFTH AFFIRMATIVE DEFENSE

SRI is not entitled to injunctive relief because any alleged injury to SRI is not immediate nor irreparable, and, if SRI is entitled to relief (which Dynatrace denies), it has an adequate remedy at law.

### SIXTH AFFIRMATIVE DEFENSE

SRI's right to seek damages, if any, is limited, at least by 35 U.S.C. § 286 to any alleged infringement committed no more than six years prior to the filing of its Complaint.

### SEVENTH AFFIRMATIVE DEFENSE

SRI's right to seek damages, if any, is limited, at least by 35 U.S.C. § 287 to any alleged infringement occurring after notice of infringement.

### EIGHTH AFFIRMATIVE DEFENSE

SRI is barred by 35 U.S.C. § 288 from recovering any costs associated with this action.

### NINTH AFFIRMATIVE DEFENSE

Under the doctrine of prosecution history estoppel, SRI is estopped from claiming infringement by Dynatrace one or more claims of the Asserted Patents based on admissions and/or amendments made during prosecution leading to the issuance of one or more of the Asserted Patents. Moreover, any claim of infringement of the Asserted Patents by Dynatrace under the doctrine of equivalents is limited by the doctrine of prosecution history estoppel.

### TENTH AFFIRMATIVE DEFENSE

To the extent that any accused product has been used or manufactured by or for the United States, claims and demands by SRI for relief based on the Asserted Patents are barred by 28 U.S.C. § 1498.

### ELEVENTH AFFIRMATIVE DEFENSE

SRI's claims against Dynatrace for patent infringement are barred, in whole or in part, under the doctrine of patent exhaustion.

### TWELFTH AFFIRMATIVE DEFENSE

SRI is not entitled to enhanced damages or attorneys' fees as it has not adequately pleaded a basis for such an award.

### THIRTEENTH AFFIRMATIVE DEFENSE

SRI's claims against Dynatrace for patent infringement are barred, in whole or in part, based on lack of notice of the Asserted Patents.

### FOURTEENTH AFFIRMATIVE DEFENSE

SRI's claims against Dynatrace for patent infringement are barred because its First Amended Complaint does not state a claim upon which relief can be granted.

### RESERVATION OF ADDITIONAL DEFENSES

Dynatrace reserves the right to assert additional affirmative defenses as they become known through further investigation and discovery.

## DYNATRACE PRAYER FOR RELIEF

WHEREFORE, Dynatrace prays for relief as follows:

1.     That Plaintiff take nothing by way of its First Amended Complaint;

2.     That judgment be entered in favor of Dynatrace;

3.     That Dynatrace be awarded its attorneys' fees and costs; and,

4.     For such other and further relied as the Court deems justified.

## DYNATRACE'S COUNTERCLAIMS

Dynatrace LLC ("Dynatrace") asserts the following counterclaims against Software Research, Inc. ("SRI"), as set forth below, which counterclaims seek only a declaratory judgment that the patents asserted in this action are not infringed and fail to meet the requirements of patentability of the Patent Act.

## NATURE AND BASIS OF ACTION

1.     This action arises pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201(a) and 2202, and the United States Patent Act, 35 U.S.C. § 1, *et seq.*  An actual controversy exists within the jurisdiction of the federal courts.

2.     The following counterclaims seek declaratory judgment that: (a) Dynatrace does not infringe any valid, enforceable claim of United States Patent Nos. 7,757,175 (the "'175 Patent"); 8,327,271 (the "'271 Patent"); 8,392,890 (the "'890 Patent"); 8,495,585 (the "'585 Patent"); 8,650,493 (the "'493 Patent"), and 8,984,491 (the "'491 Patent") (collectively, the "Asserted Patents"); and (b) that the Asserted Patents are invalid.

## JURISDICTION

3.     This Court has subject matter jurisdiction over the Counterclaims under 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

4.     This Court has personal jurisdiction over SRI by virtue of its filing of the Complaint and First Amended Complaint in this action.

## THE PARTIES

5.     Dynatrace is a Delaware corporation with its principle place of business located in Waltham, Massachusetts.

6.      Upon information and belief, SRI is a corporation organized under the laws of the California and claims a principal place of business in this District.

## FACTUAL ALLEGATIONS

7.      Upon information and belief, SRI claims to be the owner by assignment of the Asserted Patents.

8.      Dynatrace does not infringe, directly, indirectly, by inducement or by contribution, any valid, enforceable claim of either of the Asserted Patents.

9.      Upon information and belief, one or more claims of the Asserted Patents are invalid for failure to meet the requirements of patentability of the Patent Act, 35 U.S.C. § 1, *et seq.*, including without limitation 35 U.S.C. §§ 101, 102, 103 and 112.

## FIRST COUNTERCLAIM

(Declaratory Judgment of Non-Infringement of the '175 Patent)

10.      Dynatrace realleges and reincorporates the allegations of Paragraphs 1-9, inclusive, of its Counterclaims as if set forth in full herein.

11.      Dynatrace has not infringed and does not directly or indirectly infringe (such as by inducement or contributory infringement) any valid and enforceable claim of the '175 Patent and has not otherwise committed any acts of patent infringement or in violation of 35 U.S.C. § 271.

12.      An actual case or controversy exists between Dynatrace and SRI based on SRI having filed the Complaint and First Amended Complaint against Dynatrace alleging infringement of the '175 Patent.

13.      Dynatrace has been injured and damaged by SRI's lawsuit.

14.      Dynatrace therefore seeks a declaration that it has not infringed, and does not directly or indirectly infringe, literally or under the doctrine of equivalents, any valid and enforceable claim of the '175 Patent.

## SECOND COUNTERCLAIM

(Declaratory Judgment of Invalidity of '175 Patent)

15.      Dynatrace incorporates by reference the allegations set forth in paragraphs 1-9.

16.     One or more claims of the '175 Patent, as properly construed, is invalid for failure to meet the requirements of patentability of the Patent Act, 35 U.S.C. § 1, *et seq.*, including without limitation 35 U.S.C. §§ 101, 102, 103 and 112.  Dynatrace reserves the right to amend, supplement, and add references and invalidity contentions pursuant to the Local Patent Rules.

17.     An actual and justiciable controversy has arisen and exists between Dynatrace and SRI as to whether the '175 Patent is invalid and/or infringed.  A judicial declaration is necessary and appropriate so that Dynatrace may ascertain its rights as to the '175 Patent.

18.     Dynatrace seeks a judicial declaration that the claims of the '175 Patent are invalid.

### THIRD COUNTERCLAIM

(Declaratory Judgment of Non-Infringement of the '271 Patent)

19.     Dynatrace realleges and reincorporates the allegations of Paragraphs 1-9, inclusive, of its Counterclaims as if set forth in full herein.

20.     Dynatrace has not infringed and does not directly or indirectly infringe (such as by inducement or contributory infringement) any valid and enforceable claim of the '271 Patent and has not otherwise committed any acts of patent infringement or in violation of 35 U.S.C. § 271.

21.     An actual case or controversy exists between Dynatrace and SRI based on SRI having filed the Complaint and First Amended Complaint against Dynatrace alleging infringement of the '271 Patent.

22.     Dynatrace has been injured and damaged by SRI's lawsuit.

23.     Dynatrace therefore seeks a declaration that it has not infringed, and does not directly or indirectly infringe, literally or under the doctrine of equivalents, any valid and enforceable claim of the '271 Patent.

### FOURTH COUNTERCLAIM

(Declaratory Judgment of Invalidity of '271 Patent)

24.     Dynatrace incorporates by reference the allegations set forth in paragraphs 1-9.

25.     One or more claims of the '271 Patent, as properly construed, is invalid for failure to meet the requirements of patentability of the Patent Act, 35 U.S.C. § 1, *et seq.*, including without

limitation 35 U.S.C. §§ 101, 102, 103 and 112.  Dynatrace reserves the right to amend, supplement, and add references and invalidity contentions pursuant to the Local Patent Rules.

26.     An actual and justiciable controversy has arisen and exists between Dynatrace and SRI as to whether the '271 Patent is invalid and/or infringed.  A judicial declaration is necessary and appropriate so that Dynatrace may ascertain its rights as to the '271 Patent.

27.     Dynatrace seeks a judicial declaration that the claims of the '271 Patent are invalid.

## FIFTH COUNTERCLAIM

(Declaratory Judgment of Non-Infringement of the '890 Patent)

28.     Dynatrace realleges and reincorporates the allegations of Paragraphs 1-9, inclusive, of its Counterclaims as if set forth in full herein.

29.     Dynatrace has not infringed and does not directly or indirectly infringe (such as by inducement or contributory infringement) any valid and enforceable claim of the '890 Patent and has not otherwise committed any acts of patent infringement or in violation of 35 U.S.C. § 271.

30.     An actual case or controversy exists between Dynatrace and SRI based on SRI having filed the Complaint and First Amended Complaint against Dynatrace alleging infringement of the '890 Patent.

31.     Dynatrace has been injured and damaged by SRI's lawsuit.

32.     Dynatrace therefore seeks a declaration that it has not infringed, and does not directly or indirectly infringe, literally or under the doctrine of equivalents, any valid and enforceable claim of the '890 Patent.

## SIXTH COUNTERCLAIM

(Declaratory Judgment of Invalidity of '890 Patent)

33.     Dynatrace incorporates by reference the allegations set forth in paragraphs 1-9.

34.     One or more claims of the '890 Patent, as properly construed, is invalid for failure to meet the requirements of patentability of the Patent Act, 35 U.S.C. § 1, *et seq.*, including without limitation 35 U.S.C. §§ 101, 102, 103 and 112.  Dynatrace reserves the right to amend, supplement, and add references and invalidity contentions pursuant to the Local Patent Rules.

35.     An actual and justiciable controversy has arisen and exists between Dynatrace and SRI as to whether the '890 Patent is invalid and/or infringed.  A judicial declaration is necessary and appropriate so that Dynatrace may ascertain its rights as to the '890 Patent.

36.     Dynatrace seeks a judicial declaration that the claims of the '890 Patent are invalid.

## SEVENTH COUNTERCLAIM

(Declaratory Judgment of Non-Infringement of the '585 Patent)

37.     Dynatrace realleges and reincorporates the allegations of Paragraphs 1-9, inclusive, of its Counterclaims as if set forth in full herein.

38.     Dynatrace has not infringed and does not directly or indirectly infringe (such as by inducement or contributory infringement) any valid and enforceable claim of the '585 Patent and has not otherwise committed any acts of patent infringement or in violation of 35 U.S.C. § 271.

39.     An actual case or controversy exists between Dynatrace and SRI based on SRI having filed the Complaint and First Amended Complaint against Dynatrace alleging infringement of the '585 Patent.

40.     Dynatrace has been injured and damaged by SRI's lawsuit.

41.     Dynatrace therefore seeks a declaration that it has not infringed, and does not directly or indirectly infringe, literally or under the doctrine of equivalents, any valid and enforceable claim of the '585 Patent.

## EIGHTH COUNTERCLAIM

(Declaratory Judgment of Invalidity of '585 Patent)

42.     Dynatrace incorporates by reference the allegations set forth in paragraphs 1-9.

43.     One or more claims of the '585 Patent, as properly construed, is invalid for failure to meet the requirements of patentability of the Patent Act, 35 U.S.C. § 1, *et seq.*, including without limitation 35 U.S.C. §§ 101, 102, 103 and 112.  Dynatrace reserves the right to amend, supplement, and add references and invalidity contentions pursuant to the Local Patent Rules.

44.     An actual and justiciable controversy has arisen and exists between Dynatrace and SRI as to whether the '585 Patent is invalid and/or infringed.  A judicial declaration is necessary and appropriate so that Dynatrace may ascertain its rights as to the '585 Patent.

45.     Dynatrace seeks a judicial declaration that the claims of the '585 Patent are invalid.

**NINTH COUNTERCLAIM**

(Declaratory Judgment of Non-Infringement of the '493 Patent)

46.     Dynatrace realleges and reincorporates the allegations of Paragraphs 1-9, inclusive, of its Counterclaims as if set forth in full herein.

47.     Dynatrace has not infringed and does not directly or indirectly infringe (such as by inducement or contributory infringement) any valid and enforceable claim of the '493 Patent and has not otherwise committed any acts of patent infringement or in violation of 35 U.S.C. § 271.

48.     An actual case or controversy exists between Dynatrace and SRI based on SRI having filed the Complaint and First Amended Complaint against Dynatrace alleging infringement of the '493 Patent.

49.     Dynatrace has been injured and damaged by SRI's lawsuit.

50.     Dynatrace therefore seeks a declaration that it has not infringed, and does not directly or indirectly infringe, literally or under the doctrine of equivalents, any valid and enforceable claim of the '493 Patent.

**TENTH COUNTERCLAIM**

(Declaratory Judgment of Invalidity of '493 Patent)

51.     Dynatrace incorporates by reference the allegations set forth in paragraphs 1-9.

52.     One or more claims of the '493 Patent, as properly construed, is invalid for failure to meet the requirements of patentability of the Patent Act, 35 U.S.C. § 1, *et seq.*, including without limitation 35 U.S.C. §§ 101, 102, 103 and 112.  Dynatrace reserves the right to amend, supplement, and add references and invalidity contentions pursuant to the Local Patent Rules.

53.     An actual and justiciable controversy has arisen and exists between Dynatrace and SRI as to whether the '493 Patent is invalid and/or infringed.  A judicial declaration is necessary and appropriate so that Dynatrace may ascertain its rights as to the '493 Patent.

54.     Dynatrace seeks a judicial declaration that the claims of the '493 Patent are invalid.

**ELEVENTH COUNTERCLAIM**

(Declaratory Judgment of Non-Infringement of the '491 Patent)

55.     Dynatrace realleges and reincorporates the allegations of Paragraphs 1-9, inclusive, of its Counterclaims as if set forth in full herein.

56.     Dynatrace has not infringed and does not directly or indirectly infringe (such as by inducement or contributory infringement) any valid and enforceable claim of the '491 Patent and has not otherwise committed any acts of patent infringement or in violation of 35 U.S.C. § 271.

57.     An actual case or controversy exists between Dynatrace and SRI based on SRI having filed the Complaint and First Amended Complaint against Dynatrace alleging infringement of the '491 Patent.

58.     Dynatrace has been injured and damaged by SRI's lawsuit.

59.     Dynatrace therefore seeks a declaration that it has not infringed, and does not directly or indirectly infringe, literally or under the doctrine of equivalents, any valid and enforceable claim of the '491 Patent.

## TWELFTH COUNTERCLAIM

(Declaratory Judgment of Invalidity of '491 Patent)

60.     Dynatrace incorporates by reference the allegations set forth in paragraphs 1-9.

61.     One or more claims of the '491 Patent, as properly construed, is invalid for failure to meet the requirements of patentability of the Patent Act, 35 U.S.C. § 1, *et seq.*, including without limitation 35 U.S.C. §§ 101, 102, 103 and 112.  Dynatrace reserves the right to amend, supplement, and add references and invalidity contentions pursuant to the Local Patent Rules.

62.     An actual and justiciable controversy has arisen and exists between Dynatrace and SRI as to whether the '491 Patent is invalid and/or infringed.  A judicial declaration is necessary and appropriate so that Dynatrace may ascertain its rights as to the '491 Patent.

63.     Dynatrace seeks a judicial declaration that the claims of the '491 Patent are invalid.

## PRAYER FOR RELIEF

Dynatrace respectfully requests that the Court enter judgment as follows:

1.     Denying all relief sought by SRI in this action with respect to Dynatrace, including dismissing SRI's First Amended Complaint;

2.      Barring SRI's action and recovery against Dynatrace under 35 U.S.C. §§ 286, 287 and 288, 28 U.S.C. § 1498, and due to license, exhaustion, prosecution history estoppel and equitable defenses;

3.      Declaring that Dynatrace does not infringe any claim of the Asserted Patents, either jointly, contributorily or by inducement, either literally or under the doctrine of equivalents;

4.      Declaring that the Asserted Patents are invalid, unenforceable and/or void;

5.      Declaring that this is an exceptional case under 35 U.S.C. § 285 and awarding Dynatrace its attorneys' fees;

6.      Awarding Dynatrace its costs and disbursements in this action; and

7.      Awarding such other and further relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Dynatrace hereby demands a jury trial as to all issues so triable.


DUANE MORRIS LLP

Dated: July 17, 2018                    By:   */s/ Karineh Khachatourian*
                                              Karineh Khachatourian
                                              Daniel T. McCloskey
                                              David T. Xue
                                              Nikolaus A. Woloszczuk

                                              Attorneys for Defendant,
                                              DYNATRACE LLC