SINGER BEA LLP
   Benjamin L. Singer (Bar. No. 264295)
   bsinger@singerbea.com
   Evan N. Budaj (Bar No. 271213)
   ebudaj@singerbea.com
601 Montgomery Street, Suite 1950
San Francisco, California 94111
Telephone:    (415) 500-6080
Facsimile:    (415) 500-6080

*Attorneys for Plaintiff Software Research, Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SOFTWARE RESEARCH, INC.,<br><br>　　　　Plaintiff,<br><br>v.<br><br>DYNATRACE LLC, and DOES 1 through 10,<br><br>　　　　Defendants.<br><hr>DYNATRACE LLC,<br><br>　　　　Counterclaim-Plaintiff,<br><br>v.<br><br>SOFTWARE RESEARCH, INC.,<br><br>　　　　Counterclaim-Defendant. | CASE NO. 3:18-CV-232-EMC<br><br>**ANSWER TO DYNATRACE, LLC'S COUNTERCLAIMS**<br><br>**JURY TRIAL DEMANDED**<br><br>Date Filed:　　January 10, 2018<br>Trial Date:　　None set |

Plaintiff and Counterclaim-Defendant Software Research, Inc. ("SRI"), by and through its undersigned counsel, hereby answers the Counterclaims filed by Defendant and Counterclaim-Plaintiff Dynatrace LLC ("Dynatrace") as part of Dynatrace's Answer to Plaintiff's First Amended Complaint; Counterclaims; Demand for Jury Trial [D.I. 55].  SRI hereby responds in numbered paragraphs corresponding to the numbered paragraphs of the Counterclaims:

## NATURE AND BASIS OF ACTION

1. SRI admits that Dynatrace purports to assert Counterclaims against SRI pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201(a) and 2202, and the United States Patent Act, 35 U.S.C. § 1, et seq.  SRI admits that an actual controversy exists within the jurisdiction of the federal courts at least with respect to Dynatrace's infringement of United States Patent Nos. 7,757,175 (the "'175 Patent"); 8,327,271 (the "'271 Patent"); 8,392,890 (the "'890 Patent"); 8,495,585 (the "'585 Patent"); 8,650,493 (the "'493 Patent"), and 8,984,491 (the "'491 Patent")  (collectively, the "Patents-in-Suit").  Except as so expressly admitted, denied.

2. Admitted.

## JURISDICTION

3. SRI admits this Court has subject matter jurisdiction over Dynatrace's Counterclaims.  Except as so expressly admitted, denied.

4. SRI admits, for the purposes of this lawsuit, that this Court has personal jurisdiction over it.  Except as so expressly admitted, denied.

## THE PARTIES

5. Although SRI lacks its own knowledge regard Dynatrace's pleadings of Paragraph 5 of the Counterclaims, the allegations of Paragraph 5 of the Counterclaims are admitted on the basis of Dynatrace's pleading of the same. Except as so expressly admitted, denied.

6. Admitted.

## FACTUAL ALLEGATIONS

7. SRI admits it is the owner by assignment from Edward F. Miller, President and CEO of SRI and inventor of the Patents-in-Suit, of the Patents-in-Suit.  Except as so expressly admitted, denied.

8. Paragraph 8 of the Counterclaims presents a legal conclusion to which no answer is required; to the extent an answer is required, denied.

9. Paragraph 8 of the Counterclaims presents a legal conclusion to which no answer is required; to the extent an answer is required, denied.

## FIRST COUNTERCLAIM

(Declaratory Judgment of Non-Infringement of the '175 Patent)

10. SRI realleges and incorporates by reference the allegations of Paragraphs 1–9 of this Answer as if set forth fully herein.

11. Denied.

12. SRI admits that an actual controversy exists within the jurisdiction of the federal courts at least with respect to Dynatrace's infringement of the '175 Patent. Except as so expressly admitted, denied.

13. Denied.

14. SRI admits that Dynatrace seeks a declaration that it has not infringed, and does not directly or indirectly infringe, literally or under the doctrine of equivalents, any valid and enforceable claim of the '175 Patent. SRI denies that Dynatrace is entitled to any relief. Except as so expressly admitted, denied.

## SECOND COUNTERCLAIM

(Declaratory Judgment of Invalidity of '175 Patent)

15. SRI realleges and incorporates by reference the allegations of Paragraphs 1–9 of this Answer as if set forth fully herein.

16. Denied.

17. SRI admits that an actual controversy exists within the jurisdiction of the federal courts at least with respect to Dynatrace's infringement of the '175 Patent. Except as so expressly admitted, denied.

18. SRI admits that Dynatrace seeks a judicial declaration that the claims of the '175 Patent are invalid. SRI denies that Dynatrace is entitled to any relief. Except as so expressly admitted, denied.

**THIRD COUNTERCLAIM**

(Declaratory Judgment of Non-Infringement of the '271 Patent)

19. SRI realleges and incorporates by reference the allegations of Paragraphs 1–9 of this Answer as if set forth fully herein.

20. Denied.

21. SRI admits that an actual controversy exists within the jurisdiction of the federal courts at least with respect to Dynatrace's infringement of the '271 Patent. Except as so expressly admitted, denied.

22. Denied.

23. SRI admits that Dynatrace seeks a declaration that it has not infringed, and does not directly or indirectly infringe, literally or under the doctrine of equivalents, any valid and enforceable claim of the '271 Patent. SRI denies that Dynatrace is entitled to any relief. Except as so expressly admitted, denied.

**FOURTH COUNTERCLAIM**

(Declaratory Judgment of Invalidity of '271 Patent)

24. SRI realleges and incorporates by reference the allegations of Paragraphs 1–9 of this Answer as if set forth fully herein.

25. Denied.

26. SRI admits that an actual controversy exists within the jurisdiction of the federal courts at least with respect to Dynatrace's infringement of the '271 Patent. Except as so expressly admitted, denied.

27. SRI admits that Dynatrace seeks a judicial declaration that the claims of the '271 Patent are invalid. SRI denies that Dynatrace is entitled to any relief. Except as so expressly admitted, denied.

**FIFTH COUNTERCLAIM**

(Declaratory Judgment of Non-Infringement of the '890 Patent)

28. SRI realleges and incorporates by reference the allegations of Paragraphs 1–9 of this Answer as if set forth fully herein.

29. Denied.

30. SRI admits that an actual controversy exists within the jurisdiction of the federal courts at least with respect to Dynatrace's infringement of the '890 Patent. Except as so expressly admitted, denied.

31. Denied.

32. SRI admits that Dynatrace seeks a declaration that it has not infringed, and does not directly or indirectly infringe, literally or under the doctrine of equivalents, any valid and enforceable claim of the '890 Patent. SRI denies that Dynatrace is entitled to any relief. Except as so expressly admitted, denied.

## SIXTH COUNTERCLAIM

(Declaratory Judgment of Invalidity of '890 Patent)

33. SRI realleges and incorporates by reference the allegations of Paragraphs 1–9 of this Answer as if set forth fully herein.

34. Denied.

35. SRI admits that an actual controversy exists within the jurisdiction of the federal courts at least with respect to Dynatrace's infringement of the '890 Patent. Except as so expressly admitted, denied.

36. SRI admits that Dynatrace seeks a judicial declaration that the claims of the '890 Patent are invalid. SRI denies that Dynatrace is entitled to any relief. Except as so expressly admitted, denied.

## SEVENTH COUNTERCLAIM

(Declaratory Judgment of Non-Infringement of the '585 Patent)

37. SRI realleges and incorporates by reference the allegations of Paragraphs 1–9 of this Answer as if set forth fully herein.

38. Denied.

39. SRI admits that an actual controversy exists within the jurisdiction of the federal courts at least with respect to Dynatrace's infringement of the '585 Patent. Except as so expressly admitted, denied.

1   40. Denied.

2   41. SRI admits that Dynatrace seeks a declaration that it has not infringed, and does not

3 directly or indirectly infringe, literally or under the doctrine of equivalents, any valid and enforceable

4 claim of the '585 Patent. SRI denies that Dynatrace is entitled to any relief. Except as so expressly

5 admitted, denied.

### EIGHTH COUNTERCLAIM

(Declaratory Judgment of Invalidity of '585 Patent)

8   42. SRI realleges and incorporates by reference the allegations of Paragraphs 1–9 of this

9 Answer as if set forth fully herein.

10   43. Denied.

11   44. SRI admits that an actual controversy exists within the jurisdiction of the federal

12 courts at least with respect to Dynatrace's infringement of the '585 Patent. Except as so expressly

13 admitted, denied.

14   45. SRI admits that Dynatrace seeks a judicial declaration that the claims of the '585

15 Patent are invalid. SRI denies that Dynatrace is entitled to any relief. Except as so expressly

16 admitted, denied.

### NINTH COUNTERCLAIM

(Declaratory Judgment of Non-Infringement of the '493 Patent)

19   46. SRI realleges and incorporates by reference the allegations of Paragraphs 1–9 of this

20 Answer as if set forth fully herein.

21   47. Denied.

22   48. SRI admits that an actual controversy exists within the jurisdiction of the federal

23 courts at least with respect to Dynatrace's infringement of the '493 Patent. Except as so expressly

24 admitted, denied.

25   49. Denied.

26   50. SRI admits that Dynatrace seeks a declaration that it has not infringed, and does not

27 directly or indirectly infringe, literally or under the doctrine of equivalents, any valid and enforceable

claim of the '493 Patent.  SRI denies that Dynatrace is entitled to any relief.  Except as so expressly admitted, denied.

## TENTH COUNTERCLAIM

(Declaratory Judgment of Invalidity of '493 Patent)

51. SRI realleges and incorporates by reference the allegations of Paragraphs 1–9 of this Answer as if set forth fully herein.

52. Denied.

53. SRI admits that an actual controversy exists within the jurisdiction of the federal courts at least with respect to Dynatrace's infringement of the '493 Patent.  Except as so expressly admitted, denied.

54. SRI admits that Dynatrace seeks a judicial declaration that the claims of the '493 Patent are invalid.  SRI denies that Dynatrace is entitled to any relief.  Except as so expressly admitted, denied.

## ELEVENTH COUNTERCLAIM

(Declaratory Judgment of Non-Infringement of the '491 Patent)

55. SRI realleges and incorporates by reference the allegations of Paragraphs 1–9 of this Answer as if set forth fully herein.

56. Denied.

57. SRI admits that an actual controversy exists within the jurisdiction of the federal courts at least with respect to Dynatrace's infringement of the '491 Patent.  Except as so expressly admitted, denied.

58. Denied.

59. SRI admits that Dynatrace seeks a declaration that it has not infringed, and does not directly or indirectly infringe, literally or under the doctrine of equivalents, any valid and enforceable claim of the '491 Patent.  SRI denies that Dynatrace is entitled to any relief.  Except as so expressly admitted, denied.

## TWELFTH COUNTERCLAIM

(Declaratory Judgment of Invalidity of '491 Patent)

60. SRI realleges and incorporates by reference the allegations of Paragraphs 1–9 of this Answer as if set forth fully herein.

61. Denied.

62. SRI admits that an actual controversy exists within the jurisdiction of the federal courts at least with respect to Dynatrace's infringement of the '491 Patent.  Except as so expressly admitted, denied.

63. SRI admits that Dynatrace seeks a judicial declaration that the claims of the '491 Patent are invalid.  SRI denies that Dynatrace is entitled to any relief.  Except as so expressly admitted, denied.

## DYNATRACE'S PRAYER FOR RELIEF

SRI denies that Dynatrace is entitled to the relief requested by its Counterclaims, or any other relief.

## PRAYER FOR RELIEF

WHEREFORE, SRI respectfully requests that this Court:

A. Dismiss Dynatrace's Counterclaims with prejudice;

B. Enter a judgment in favor of SRI on Dynatrace's Counterclaims;

C. Award SRI its reasonable attorneys' fees pursuant to 35 U.S.C. § 285 due to the exceptional nature of this case, or as otherwise permitted by law;

D. Award SRI its costs of suit; and

E. Award SRI such other or additional relief as the Court deems just and proper.

## DEMAND FOR JURY TRUAL

SRI hereby demands a trial by jury on all issues so triable.

Date: August 13, 2018                    Respectfully submitted,

SINGER BEA LLP

By: _____
Benjamin L. Singer
Evan Budaj
*Attorneys for Plaintiff Software Research, Inc.*